IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL LAYTON, as Personal Representative of the Estate of Charles Holdstock, deceased; APRIL LAYTON, Individually; VALERIE WINFREY, Individually; and MELANIE HUFNAGEL, Individually,<br><br>                Plaintiffs,<br><br>vs.<br><br>THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY; a Political Subdivision of the State of Oklahoma; and JOHN WHETSEL, individually and in his capacity as Sheriff of Oklahoma County,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-09-1208-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Charles Holdstock died while being held as a pretrial detainee in the Oklahoma County Jail. After his death, his daughters, April Layton, Valerie Winfrey, and Melanie Hufnagel filed suit against the above Defendants, pursuant to 42 U.S.C. § 1983, raising claims for violation of Mr. Holdstock's Eighth and Fourteenth Amendment Constitutional rights. Plaintiffs also sought relief for alleged violations of Oklahoma law and brought claims pursuant to provisions of the Oklahoma's Governmental Tort Claims Act, 51 Okla. Stat. § 151, et seq. ("OGTCA"). Earlier in the matter, the Court granted summary judgment

to Defendants Board of County Commissioners of Oklahoma County and John Whetsel. Plaintiffs appealed. While the matter was on appeal, Plaintiffs settled their action with Defendant Correctional Healthcare Management of Oklahoma ("CHMO"). The Tenth Circuit reversed the Court's grant of summary judgment, holding that questions of fact existed as to whether the County was deliberately indifferent to conditions at the jail and whether the County's policies were the moving force behind Mr. Holdstock's death.

Following issuance of the mandate on remand, the Court set the matter for trial. Defendants then filed the present Motion for Partial Summary Judgment, raising various claims. Plaintiffs objected, noting that Defendants had previously filed a Motion for Summary Judgment and that the Court's rules[*] prohibit the filing of a second motion without leave of Court. The Court denied the Motion to Strike, finding that certain portions of the Motion for Summary Judgment raised issues of subject matter jurisdiction and therefore they remained ripe for consideration. The Court noted, however, that it would reserve the right to deny consideration of those portions of the Motion that did not challenge the Court's jurisdiction to consider the case.

Defendants' Motion for Partial Summary Judgment addresses two categories of relief. First, it challenges the propriety of naming Defendant Whetsel in his official and individual capacities within the scope of Plaintiffs' § 1983 claim. The second challenges the Court's jurisdiction to consider Plaintiffs' claims brought pursuant to the OGTCA, arguing that

---

[*] See LCvR 56.1(a).

Plaintiffs failed to comply with the procedural requirements of that Act prior to filing suit. In response, Plaintiffs argue that they have properly set forth claims against Defendant Whetsel in both his individual and official capacities and that their OGTCA action is valid.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144

F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**1. Whetsel as a Defendant**

Defendants' first claim argues that naming Sheriff Whetsel as a Defendant is improper. According to Defendant, the proper course is to bring the action against the County rather than the Sheriff. Defendants' argument will not be considered by the Court. This issue was available to Defendants at the time the first summary judgment motion was filed and could and should have been raised at that time. No reason has been demonstrated by Defendants for the delay in filing a motion and therefore the Motion for Partial Summary Judgment will be denied on this issue.

**2. OGTCA claim**

Defendants challenge the validity of Plaintiffs' claim under the OGTCA. It is well settled that to pursue a claim under the OGTCA, the plaintiff must first file an administrative claim with the allegedly offending state agency. See 51 Okla. Stat. § 156. In accordance with this requirement, Plaintiffs filed their administrative claim with the Board of County Commissioners on August 27, 2009. Pursuant to 51 Okla. Stat. § 157(A), Defendant County then had 90 days to either approve or deny the claim. That 90-day period would have expired on November 25, 2009. However, Plaintiffs did not wait until that expiration but rather filed their lawsuit on October 30, 2009. As Defendants note, the Oklahoma Supreme Court in Hathaway v. State ex rel. Medical Research & Technical Authority, 2002 OK 53,

49 P.3d 740, held that when a lawsuit was filed before the expiration of the 90-day review period, the lawsuit was invalid, as the OGTCA prohibited such filing. The Oklahoma Supreme Court held that such an improperly filed case was subject to dismissal as it had not been brought in a procedurally properly manner under the OGTCA. Id. at 743-44. The Oklahoma Supreme Court held in similar fashion in Shanbour v. Hollingsworth, 1996 OK 67, ¶ 7, 918 P.2d 73, 75, "compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government." Plaintiffs argue that these cases do not deprive the Court of subject matter jurisdiction and are improperly raised on a motion for summary judgment, but rather should be brought in a motion to dismiss.

Whether styled as a motion to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1) or a motion for summary judgment challenging the Court's subject matter jurisdiction, the result is the same. Oklahoma and its political subdivisions are sovereign entities. As Defendants note, because sovereign immunity operates to bar a court from adjudicating a particular case, questions of the applicability of the OGTCA are treated as jurisdictional in nature, and not subject to waiver. Chambers v. City of Ada, 1995 OK 24, 894 P.2d 1068, 1074. The Oklahoma Supreme Court has held that "[t]he manner in which a party may overcome sovereign immunity and maintain an action against the government is narrowly structured by the procedural prerequisites in §§ 156 and 157." Cruse v. Bd. of Cnty. Comm'rs of Atoka Cnty., 1995 OK 143, ¶ 11, 910 P.2d 998, 1002. Because Plaintiffs

failed to comply with the procedural requirements set forth in § 157 of the OGTCA, the waiver of sovereign immunity created by the OGTCA is precluded and therefore this Court lacks jurisdiction to adjudicate Plaintiffs' state law based claims. Accordingly, the state law based claims will be dismissed without prejudice.

The remainder of Defendants' Motion for Partial Summary Judgment need not be addressed, as it only raises other arguments for dismissal pursuant to the OGTCA.

## **CONCLUSION**

For the reasons set forth more fully herein, the "Motion for Partial Summary Judgment Following Order Vacating the Defendants Board of County Commissioners of Oklahoma County and John Whetsel" (Dkt. No. 145) is GRANTED IN PART and DENIED IN PART. Plaintiffs' state law based claims are DISMISSED without prejudice. This matter shall proceed to trial on Plaintiffs' § 1983 claims against Defendants. A separate Judgment shall issue at the close of these proceedings.

IT IS SO ORDERED this 4th day of October, 2013.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge