IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  APRIL LAYTON, as Personal Representative of the Estate of Charles Holdstock, deceased, (2)  APRIL LAYTON, Individually, (3)  VALERIE WINFREY, Individually, and (4)  MELANIE HUFNAGEL, Individually | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-09-1208-C Judge Robin J. Cauthron |
| (1)  CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.; (2)  THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY; a Political Subdivision of the State of Oklahoma, and, JOHN WHETSEL, individually and in his capacity as Sheriff of Oklahoma County. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**<u>PLAINTIFFS' REQUESTED JURY INSTRUCTIONS</u>**

COME NOW the Plaintiffs, by and through their attorneys, Keller, Keller & Dalton

P.C. and do hereby respectfully submit the following requested Jury Instructions for the

Jury Trial currently scheduled to commence in this Court on or about December 3, 2013.

/s/ E. W. Keller
E. W. Keller, (OBA# 4918)
KELLER, KELLER & DALTON
119 N. Robinson, Suite 825
Oklahoma City, Oklahoma 73102
(405)  235-6693
(405)  232-3301  Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ms. Sandra Elliott      dasanell@oklahomacounty.org
Ms. Lisa Endres         dalisend@oklahomacounty.org

/s/   E. W. Keller

**INDEX**

INSTRUCTION NUMBER                                                                PAGE

1. Explanation To Jury Panel Of Voir Dire                                          1

2. Oath On Voir Dire                                                               2

3. Oath Administered To Jury                                                       3

4. Jury's Duties — Cautionary Instructions — To Be Given After Jury Is Sworn  4

5. Jury's Duties — Cautionary Instructions — Bias On Account Of
   Race, Religion, Etc.                                                            7

6. Jury's Duties — Cautionary Instructions — Corporation As Party.                 8

7. The Issues In the Case — No Counterclaim                                        9

8. Bench Conferences and Recesses                                                  11

9. Conduct of the Jury                                                            12

10. Judge's Opinion                                                                14

11. Election of Foreperson; Duty to Deliberate; Verdict                            15

12. Burden of Proof                                                                16

13. Inferences from Evidence                                                       17

14. Determining Credibility [Believability] Of Witness                             18

15. Expert Witness                                                                 19

16. Introduction-Plaintiffs § 1983 Claim                                           20

17. General Title 42 U.S.C. § 1983                                                 21

18. §1983 – Liability                                                              22

19. Denial of Medical Care                                                         23

20. Deliberate Indifference                                                        25

21. Serious Medical Condition                                                      26

22. Deliberate Indifference – Standard                                             27

23. Denial of Medical Care                                                         28

*24.* Subject Awareness                                                              29

*25.* §166.30 Deliberate Indifference                                                30

*26.* Specific Intent Not Required                                                   31

*27.*Title 42 U.S.C. §1983 – "Color of Law"                                          32

28. Mortality Tables                                                                 *33*

29. Sheriff's Actions Attributed to the County                                       34

30.  Violation of Holdstock's Constitutional Rights                                  35

31.  Isolated Constitutional Rights Violation by Sheriff Dept. and BOCC              36

32.  Liability of Superior Officers                                                  37

33.   Sheriff's Duty to Provide Medical Care                                         39

34.    Sheriff's Liability for CHMO Contract                                         40

35.   BOCC Policy Procedure Customs                                                  41

36.  Deliberate Indifference Standard                                                42

37.  Title 42 U.S.C. § 1983 – Causation                                             43

38.  Fault of Others                                                                 44

39.   Blue Verdict Form, Form Plaintiffs – Directions                                45

40.   Standard Of Care — Non-Specialist                                              46

41.    Damages For Wrongful Death Of An Adult                                        47

42.   Intangible Damages                                                             48

43.   Measure Of Damages --- Aggravations Of Pre --- Existing Conditions             49

44.  Nominal Damages                                                                 50

45.  Exemplary Or Punitive Damages --- First Stage                                   51

46.    Modified  OUJI § 5.7 Verdict Form                                             53

47.  Exemplary Or Punitive Damages --- Second Stage                                  57

48.  Verdict Form, For Plaintiff, Punitive Damages (Second Stage)                    59

### Plaintiffs' Requested Jury Instruction No. 1

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

As possible jurors you will be questioned to determine your qualifications to serve in this case.  The purpose of these questions is to obtain a fair jury.  Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors.  Will you please stand, raise your right hand, and the oath will now be given to you by _____.

**AUTHORITY:** **OUJI § 1.1**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 2**

**OATH ON VOIR DIRE**

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God?  [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial?  [Juror should be required to answer "I do."].

**AUTHORITY:**        **OUJI § 1.2**

GIVEN _____NOT GIVEN _____ MODIFIED _____

### Plaintiffs' Requested Jury Instruction No. 3

OATH ADMINISTERED TO JURY

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God?  [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence?  [Juror should be required to answer, "I do."].

**AUTHORITY:**          **OUJI § 1.3**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 4**

JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — TO BE GIVEN AFTER JURY IS SWORN

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received.  It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court.  You should consider only the evidence introduced while the court is in session. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision.  Your decision should be based upon probabilities, and not possibilities.  It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true.  The term "witness" means anyone who testifies in person, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which you find to have been established by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law.  From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections.  If I say the objection is sustained, you must not consider  the testimony or exhibit covered by the objection.  If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection.  The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each.  You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation.  Also consider the reasonableness, consistency or inconsistency of the testimony.   You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts.  During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you.  This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet.  If during the trial anyone talks to you or tries to

talk to you about this case, you must immediately report it to me, or the [(clerk of the court)/bailiff], who will report to me.

Do not, before this case is finally submitted to you for a decision,  talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it.   Do not attempt to visit the scene or investigate this case on your own.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is  done, you will carefully observe these rules at all times.

**AUTHORITY:       OUJI § 1.4**

GIVEN _____NOT GIVEN _____MODIFIED _____

## Plaintiffs' Requested Jury Instruction No. 5

**JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — BIAS ON ACCOUNT OF RACE, RELIGION, ETC.**

Remember that under our justice system the race, religion, national origin, or social status of a party or [his/her] attorney must not be considered by you in the discharge of your sworn duty as a juror.

**AUTHORITY:**          **OUJI § 1.5**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## Plaintiffs' Requested Jury Instruction No. 6

### JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — CORPORATION AS PARTY.

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

**AUTHORITY:**      **OUJI § 1.6**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 7**

THE ISSUES IN THE CASE — NO COUNTERCLAIM

The parties to this case are April Layton, individual,  Valerie Winfrey, Individually, Melanie Hufnagel, individually and April Layton as personal representative of the Estate of Charles Holdstock, deceased, the Plaintiffs;   Oklahoma County Sheriff's Department, Sheriff John Whetsel and the Oklahoma County Board of County Commissioners, the Defendants.

The parties admit:

Charles Holdstock was brought to the Oklahoma County Jail as a pretrial detainee on September 5, 2006.  He disclosed that he had a pacemaker and required prescription medications at his intake.   Charles Holdstock passed away while in the custody and control of the Oklahoma County Jail.   The Sheriff's Department runs the Oklahoma County Jail.

Plaintiffs claim:

This is a civil rights case brought by the daughters of deceased, Charles Holdstock individually and on behalf of the estate of Charles Holdstock against the Oklahoma County Sheriff's Department, Sheriff John Whetsel, individually and the Oklahoma County Board of County Commissioners (BOCC).  The Plaintiffs allege that Mr. Holdstock was denied reasonable and necessary medical care while being detained in the Oklahoma County Jail.

Plaintiffs also allege that these actions violated Mr. Holdstock's constitutional rights to receive adequate and proper medical care while detained in the Oklahoma

County Jail.  Plaintiffs have also alleged that the Sheriffs Department failed to properly

supervise, train and discipline its officers and employees and that the Sheriffs

Department and the BOCC have been deliberately indifferent to the wrongful conduct

occurring at the Oklahoma County Jail and that there is a direct link between the

constitutional deprivation and the actions and inactions of the Sheriffs Department and

BOCC.   It is further alleged that the Sheriffs Department and CHMO had a pattern of

practice of insufficiencies in administering medicine and medical care to detainees that

included Charles Holdstock.

Defendants deny they violated Charles Holdstock's Civil Rights.

These are the issues you are to determine.


**AUTHORITY:        OUJI § 2.1**

GIVEN _____NOT GIVEN _____ MODIFIED _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

**Bench Conferences and Recesses:**

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

GIVEN _____ NOT GIVEN _____ MODIFIED _____

**REQUESTED JURY INSTRUCTION NO. 9**

**Conduct of the Jury:**

To insure fairness, you as jurors must obey the following rules:

1.  Do not talk among yourselves about this case or the parties, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

2.  Do not talk with anyone else about this case or the parties, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

3.  When you are outside the courtroom, do not let anyone tell you anything about the case or the parties, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

4.  During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case or the parties - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not allowed to talk or visit with you either.

5.  Do not read any news stories or articles about the case or the parties, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.  Do not do any research, including research on the internet, or make any investigation about the case or the parties on your own nor allow or permit any other person to do such where you could become aware of the information.

7.  Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

AUTHORITY:  Devitt & Blackmar, *Federal Jury Practice and Instructions* §71.15

(4th Ed.1987).

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

**Judge's Opinion:**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be. In addition, during this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

**AUTHORITY: Devitt & Blackmar,** *Federal Jury Practice and Instructions* **§71.13 (4th Ed. 1987).**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

### *Plaintiff's Requested Jury Instruction No. 11*

**Election of Foreperson; Duty to Deliberate; Verdict:**

In conducting your deliberations and returning your verdict, there are certain

rules you must follow.

1. When you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court;

2. It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without destruction to individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case;

3. If you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically;

4. Your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be a unanimous verdict. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide; and

5. The verdict form is simply the written notice of the decision that you reach in this case. The form reads: (read form). You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**AUTHORITY:**       **Devitt & Blackmar,** *Federal Jury Practice and Instructions* **§ § 74.01, 74.04 (4th Ed. 1987); Fed. R. Civ. P. 48.**

**GIVEN _____ NOT GIVEN_____ MODIFIED_____**

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12</u>

**<u>Burden of Proof</u>;**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim, or defense, depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. It is determined by considering all of the evidence and deciding which evidence is more believable.

AUTHORITY:        Devitt & Blackmar, *Federal Jury Practice and Instructions* § 70.02
                  (4th Ed. 1987).

GIVEN_____        NOT GIVEN  _____MODIFIED  _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13

**Inferences from Evidence:**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

AUTHORITY: Devitt & Blackmar, *Federal Jury Practice and Instructions* § 72.04 (4th Ed. 1987).

GIVEN _____NOT GIVEN _____MODIFIED _____

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO.  14

**DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS**

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**AUTHORITY: OUJI 3.13**

**GIVEN  _____ NOT GIVEN_____MODIFIED_____**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15

**EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**AUTHORITY: OUJI 3.21**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## *Plaintiff's Requested Jury Instruction No.* 16

**Introduction-Plaintiffs § *1983* Claim:**

Plaintiff claims that the Defendants deprived him of rights guaranteed by the Constitution of the United States of America and protected by federal statute 42 U.S.C. § 1983. Specifically, Plaintiffs maintains that Defendants failed to provide proper and adequate medical care to Mr. Holdstock and deprived Mr. Holdstock of his Constitutional 8th and 14th Amendment Rights.   Plaintiff seeks compensatory damages for the violation of his rights.

Plaintiff further alleges that the Defendants acted with reckless disregard for his Constitutional rights, and therefore, also requests an award of punitive damages.

**AUTHORITY:**     **Devitt & Blackmar,** *Federal Jury Practice and Instructions,* **§ 103.01 (4th Ed. 1987).**

**GIVEN _____ NOT GIVEN_____ MODIFIED_____**

**Plaintiffs' Requested Jury Instruction No. 17**

**General Title 42 U.S.C. § 1983:**

Title 42 of the United States Code, section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the district of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Section 1983 is the statute that allows citizens to collect damages from the government or its officers for violations of a citizen's Constitutional rights. The purpose of § 1983 is to compensate the victims of governmental misconduct and to serve as a deterrent against future Constitutional deprivations by the government. This statute is an incentive for government officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting a citizen's Constitutional rights.

**AUTHORITY:   ___ Owen v. City of Independence, 445 U.S. 622, 651-52 (1980)**

**GIVEN _____   NOT GIVEN_____   MODIFIED**

**Plaintiffs' Requested Jury Instruction No. 18**

**§1983 Liability**

Plaintiff to hold the Board of County Commissioners or Sheriff liable under §1983, they must first demonstrate (1) that an officer deprived Mr. Holdstock of a constitutional right, and (2) that a Board of County Commissioner or Jail policy or custom was moving force behind the constitutional deprivation.

**AUTHORITY: See** *Layton v. BOCC,* No. 11-6223 (10th Circ. W.D. Okl.  March 12, 2013) (Tenth Circuit Order and Judgment overruling granting of summary judgment)

*City of Canton*, 489 U.S. at 385; *Monell, 436* U.S. at 694;  *Myers*, 151 F. 3d at 1318.

**GIVEN _____   NOT GIVEN_____   MODIFIED**

## Plaintiffs' Requested Jury Instruction No. 19

### Denial of Medical Care

Pretrial detainees are protected from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the U.S. Constitution.  Mr. Holdstock was a pretrial detainee in the Oklahoma County Jail.   Plaintiffs claim that defendants demonstrated deliberate indifference to Holdstock's serious medical needs in violation of Holdstock's Eighth and Fourteenth Amendment constitutional rights.

In order to prove a violation under the Eighth Amendment, Plaintiffs must show that the defendant prison officials unnecessarily inflicted harm on Holdstock.

To show that Holdstock's Eighth Amendment Rights were violated because Holdstock received inadequate medical care, Plaintiffs must prove that defendant prison officials exhibited deliberate indifference to Holdstock's serious medical needs. Accordingly, plaintiffs must prove all of the following elements by a preponderance of the evidence:

| | |
|---|---|
| First: | That Holdstock had a serious medical condition. |
| Second: | That defendant prison officials were aware of Holdstock's serious medical condition; |
| Third: | That defendants prison officials and employees, with deliberate indifference to the serious medical condition of Holdstock failed to provide medical care needed, failure to allow Holdstock to obtain the medical care needed within a reasonable time or delayed providing treatment to Mr. Holdstock |
| Fourth: | That Holdstock died as a result of defendants' |

deliberate indifference and pattern of practice to Holdstock's serious medical needs; and

Fifth:    That defendants were acting under color of state law.  This 5th element has been admitted as all Defendants were acting under Color of Law

If Plaintiffs fail to prove any of these elements, you must find for the defendant prison officials.

The First element is to be examined objectively, focusing on the specific medical condition(s) and the reasonably foreseeable consequences to Holdstock of a deprivation of care or inadequate care.  That is, would a reasonable person acting under the same circumstances foresee that the conduct of the defendant prison officials would cause the harm Plaintiffs claim?

The second element is to be evaluated by a subjective analysis of the defendant prison officials and their state of mind.

AUTHORITY:   O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,* **§166.21** (5th Ed. 2001)

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## **Plaintiffs' Requested Jury Instruction No. 20**

## **Deliberate Indifference**

Two types of conduct constitute deliberate indifference:   First a medical professional may fail to treat the serious medical condition properly.  Secondly, when present officials prevent an inmate from receiving treatment or denying him access to medical personnel capable of evaluating the need for treatment.

If you find that the Defendants were guilty of either of these types of conduct pertaining to Mr. Holdstock then you must find them liable for deliberate indifference.

AUTHORITY:          ***Sealock v. Colorado***, 218 F. 3d 1205, 1209 (10th Cir. 2000)
                               ***Layton v. Bd. Of Co. Comm***  No. 11-6223 (10th Cir.  2013)


GIVEN _____   NOT GIVEN _____   MODIFED _____

25

**Plaintiffs' Requested Jury Instruction No. 21**

**SERIOUS MEDICAL CONDITION**

A serious medical condition is sufficiently serious if it is one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctors attention.

AUTHORITY:  *Sealock v. Colorado,  218 F.3d 1205, 1209 (10th Cir. 2000);  Farmer v. Brennam*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**;**  *Martinez v. Goardan, 430F.3d 1302 (10th ir. 2005)*

GIVEN _____NOT GIVEN _____MODIFIED _____

## Plaintiffs' Requested Jury Instruction No.  22

**DELIBERATE INDIFFERENCE STANDARD**

Plaintiffs here "need not show that a prison official acted or failed to act believing that harm *actually*  would be fall an inmate."   If you find that the Plaintiffs have presented evidence that Mr. Holdstock faced a substantial risk of harm and the Defendants "acted for failed to act despite their knowledge of a substantial risk of harm" then you must find that the Defendants are guilty of deliberate indifference towards Mr. Holdstock.

AUTHORITY:          ***Gonzales v. Martinez***,  403 F.3d 1179, 1183 (10th Cir. 2005
                             ***Layton v. Bd. Of Co. Comm***  No. 11-6223 (10th Cir.  2013)


GIVEN _____ NOT GIVEN _____  MODIFED _____

**<u>Plaintiffs' Requested Jury Instruction No. 23</u>**

**<u>DENIAL OF MEDICAL CARE</u>**

If you find that the Defendants were aware of the dangerous prison condition that was substantially likely to result in a constitutionally deficient medical care for Mr. Holdstock.

And that the death of Mr. Holdstock was caused or in part caused by such deficient medical care then you must find for the Plaintiffs and against the Defendants

AUTHORITY:

GIVEN _____ NOT GIVEN _____ MODIFED _____

## Plaintiffs' Requested Jury Instruction No. 24

### SUBJECT AWARENESS

An official's subjective awareness can be proven by drawing inferences from all available evidence, including objective facts.  For instance, a fact finder could conclude that a prison official actually knew of a substantial risk from the fact that the risk was obvious.  The official's knowledge of the risk need not be knowledge of a substantial risk to a *particular* inmate, or knowledge of the particular manner in which injury might occur.

**AUTHORITY:**   ***Farmer v. Brennan,*** 511 U.S. 925, 842, 114 S.Ct. 1970 (1994) ***Winston v. Board of Com'r Tulsa Co.,*** 88 F. Supp 2nd 1247 (N.D. Okla 2000) ***Martinez v. Gordon,*** 430 F.3d 1302 (10th Cir. 2005)

GIVEN _____NOT GIVEN _____MODIFIED _____

## **Plaintiffs' Requested Jury Instruction No.  25**

**§ 166.30   Deliberate Indifference**

Deliberate indifference is established if there is actual knowledge of a substantial risk  o

the plaintiff and if defendants disregard that risk by intentionally refusing or failing to

take reasonable measures to deal with the problem. Mere negligence or inadvertence

does not constitute deliberate indifference.

AUTHORITY:   O'Malley, Grenig, Lee, *Federal Jury Practice and Instructions,*  **§166.30** (5th
            Ed. 2001)

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## Plaintiffs Requested Jury Instruction No. 26

**Specific Intent Not Required:**

It is not necessary that the Defendant(s) acted with the specific intent to deprive Plaintiff of his Constitutional rights in order for the Defendant(s) to be liable for their conduct. Rather, Plaintiffs have proven their case, if you find by a preponderance of the evidence that the Defendant(s) conduct was unreasonable under the circumstances and that Mr. Holdstock was not provided proper or adequate medical care thereby depriving Mr. Holdstock of his Constitutional rights. The fact that the Defendant(s) had no specific intent or purpose to deprive Mr. Holdstock of his Constitutional rights will not absolve the Defendant(s) from liability if they did in fact deprive Mr. Holdstock of those rights.

AUTHORITY:        **Graham v. Connor,** 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989).

GIVEN _____   NOT GIVEN _____   MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 27**

**Title 42 U.S.C. §1983 – "Color of Law"**

"Acting under color of law" simply means acting in one's capacity as a county

employee. There is no dispute that Correctional Healthcare Management of Oklahoma

Board of County Commissioners,  Sheriff's Department and Sheriff Whetsel, Individially,

were acting under color of law at the time of this incident, and therefore, you must find

this element to have been established.


**GIVEN _____ NOT GIVEN  _____MODIFIED_____**

**Plaintiffs' Requested Jury Instruction No. 28**

**MORTALITY TABLES --- EXPLANATION**

According to life expectancy tables [(admitted in evidence)/(it is agreed that)] the life expectancy of a [male/female] person of the age of 64 years is 17.9 years. This figure is not conclusive. It is the average life expectancy of persons who have reached that age. This figure may be considered by you in connection with other   evidence relating to the probable life expectancy of [Plaintiff/Decedent)], including evidence of [his/her] occupation, health, habits and other activities.

AUTHORITY:  OUJI  5.12

## Plaintiffs' Requested Jury Instruction No. 29

**SHERIFF'S ACTIONS ATTRIBUTED TO THE COUNTY - _____**

You are instructed that the "final policy maker" with regard to "the Oklahoma County Jail" is Sheriff Whetsel and his actions or in actions are attributed to the County through the Board of County Commissioners

AUTHORITY:   Lopez, 172 F.3d
**_Winton v. Bd. Of Comm'rs of Tulsa Co._**, 88 F. Supp. 2d 1247, 1270 (N.D. Okla. 2000)

GIVEN _____ NOT GIVEN _____ MODIFED _____

## Plaintiffs Requested Jury Instruction No. 30

**Violation of Holdstock's Constitutional Rights:**

Plaintiff claims that the Sheriffs Department, Sheriff John Whetsel  and BOCC, a political subdivision, are liable to him for the violation of his Constitutional rights. You are instructed that the Sheriff's Department,  Sheriff John Whetsel, and the Board of County Commissioners may be liable if you find that Holdstock has been deprived of his Constitutional rights and such deprivation as done pursuant to a governmental custom, policy or decision. Liability may be for unconstitutional customs or policies.  The policy or custom not be formal or in writing.   If the procedure resulting in the infringement cannot be characterized as an official policy, liability may still be found if the practice giving rise to the injury is so permanent and well settled as to constitute a custom or usage with the force of law.

When a person's Constitutional rights are violated as a result of a government' custom, or decision, the political subdivision itself is responsible for the injury that it caused.

AUTHORITY:        Devitt & Blackmar, **Federal Jury Practice and Instructions** § 103.11 (4th Ed.1987) (1999 Supplement). ***Watson v. Kansas City, Kansas*** 857 F.2d 690, 695 (10th Cir. 1988) ***Landford v. City of Hobart***, 73 F.3d 283, 286 (10th Cir. 1996) quoting ***Adikes v. S.H. Dress & Co.***, 398 U.S. 144 168 (1970)


GIVEN _____NOT GIVEN _____ MODIFIED _____

## Plaintiffs' Requested Jury Instruction No. 31

**Isolated Constitutional Rights Violation by Sheriff Department and BOCC:**

A County also can be liable for an isolated Constitutional violation if a final policymaker ratifies a subordinate's decisions and the basis for those decisions. In this case, the final policymaker for the Oklahoma County Jail at all times relevant to the events of this case was the Oklahoma County Sheriff, Whetsel. Consequently, if you find by a preponderance of the evidence that CHMO violated Plaintiffs Constitutional rights and that Sheriff Whetsel ratified their actions, then the Sheriff's Department is liable for those actions.

**AUTHORITY:**       ***City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## **Plaintiffs' Requested Jury Instruction No. 32**

**Liability of Superior Officers**

Plaintiffs make a claim, not only against Defendants involved in the incident, but also against Sheriff John Whetsel, Individually.   In order for Defendant, John Whetsel to be liable to Plaintiffs, Plaintiffs must show:

First:  That Defendant John Whetsel violated Holdstock's constitutional rights; and Second:  That Defendant John Whetsel either encouraged the specific incident of misconduct or in some other way directly participated in it.

At a minimum, plaintiffs must show that Defendant John Whetsel at least officially authorized, approved, or knowingly went along with the unconstitutional conduct of the defendant Sheriff Whetsel or medical provider.

Personal participation in the immediate act that violated Holdstock's rights is not required.   It is sufficient if the defendant John Whetesel set in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which defendant John Whetsel knows or reasonably should know would cause others to inflict a constitutional injury.

Consequently if you find Defendant John Whetsel knew or should have known of Constitutional Deprivations, yet took no action to correct the deprivations, and that John Whetsel's inactions lead to a deliberate custom of inaction then Sheriff John Whetsel is liable for those actions or inactions.

**AUTHORITY: O'Malley, Grenig, Lee,** *Federal Jury Practice and Instructions,* §165.24 **(5**[th] **Ed. 2001)** *Worrell v. Henry*, **219 F.3d 1197 (10**[th] **Circ. 2000);** *Meade v. Grubbs*, **841 F.2d 1512 (10**[th] **Cir. 1988)**

GIVEN                    NOT GIVEN _____MODIFIED _____

## Plaintiffs' Requested Jury Instruction No. 33

**SHERIFF'S DUTY TO PROVIDE MEDICAL CARE**

Sheriff Whetsel has a statutory duty to provide medical care to detainees at the Oklahoma County Jail.

Oklahoma Statutes Title 74 Section 52 states:   Sheriff to provide board, medical care and necessities – Compensation – Purchases.

It shall be the duty of the sheriff of each county to provide bed, clothing, washing, board and Medical Care when required, and all necessities for the comfort and welfare of prisoners as specified by the standards promulgated pursuant to Section 192 and Title 74 of the Oklahoma Statutes.

**AUTHORITY:  Okla. Stat. Tit. 57 §52**

**GIVEN                    NOT GIVEN _____ MODIFIED_____**

## **Plaintiffs' Requested Jury Instruction No.  34**

**SHERIFF'S LIABILITY FOR CHMO CONTRACT**

Contracting out prison medical care does not relieve the County of its

constitutional duty to provide adequate medical treatment to those in its custody, and it

does not deprive the County's detainees of the means to vindicate their Constitutional

rights.   The County bore an affirmative obligation to provide adequate medical care to

Holdstock.

AUTHORITY:  ***West v. Atkins,*** 487 U.S. 42, 56 (US 1988)


GIVEN                        NOT GIVEN _____ MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 35**

**BOCC POLICY AND PROCEDURE CUSTOMS**

The Board of County Commissioners is liable for injuries received as the result of an unconstitutional custom or policy of the County.   The policy or custom need not be formal or in writing.  If the procedure resulting in the infringement cannot be characterized as an official policy, the Board of County Commissioners may still be found liable if the practice giving rise to the injury is so permanent and well settled as to constitution a custom or uses with the force of law.


AUTHORITY:        ***Landford v. City of Hobart***, 73 F.3d 283, 286 (10th Cir. 1996)
                  quoting ***Adikes v. S.H. Dress & Co.***, 398 U.S. 144 168 (1970)


GIVEN            NOT GIVEN _____ MODIFIED _____

**Plaintiffs Requested Jury Instruction No 36**

**DELIBERATE INDIFFERENCE STANDARD**

The deliberate indifference standard may be satisfied when the Defendant has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.

The failure to remedy ongoing constitutional violation may be evidence of deliberate indifference on the part of a municipality.  Defendants continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action – the deliberate indifference' – necessary to trigger municipal liablility."

AUTHORITY:        *See Brown*, 520 U.S. at 407
                  (quoting *City of Canton*, 489 U.S. at 390 n. 10)
                  *Layton v. BOCC,* No. 11-6223 (10th Cir. WD OK , March 12, 2013)
                  (Tenth Cicuit Order and Judgment overruling granting of summary judgment)

GIVEN            NOT GIVEN _____ MODIFIED _____

**Plaintiffs Requested Jury Instruction No 37**

**Title 42 U.S.C. § 1983 - Causation**

The Plaintiff must prove that the Defendant(s) caused the harm or injuries that he allegedly suffered. In determining the question of causation, you should decide whether the Defendant(s) wrongful conduct was a substantial factor in the resulting injury of harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

AUTHORITY:        **Egervary** v. **Young,** 366 F.3d 238 (3d Cir. 2004), **cert, denied,** 543 U.S. 1049, 125 S.Ct. 868, 160 L.Ed. 2d 769.

GIVEN            NOT GIVEN _____ MODIFIED _____

### Plaintiffs Requested Jury Instruction No. 38

**Fault of Others:**

If you   determine by a preponderance of the evidence that the Defendant(s) violated Holdstock's Constitutional rights, you are not to consider the fault, if any, you may feel anyone other   than the named Defendant(s) might have had in the events culminating in the violation of his Constitutional rights. The fault of persons who are not a named Defendant(s) may not be considered in determining the amount of damages to award for violations of a person's Constitutional rights.

**AUTHORITY: _Quezada v. County of Bernallilo,_ 944 F.2d 710, 721 (10th Cir. 1991).**

**GIVEN  _____ NOT GIVEN_____ MODIFIED _____**

## **Plaintiffs' Requested Jury Instruction No. 39**

**BLUE VERDICT FORM, FOR PLAINTIFFS — DIRECTIONS**

If you find that Charles Holdstock's Constitutional Rights were violated by Defendants, then you shall use the Blue Verdict Form and find in favor of Plaintiffs.  If you so find, Plaintiffs are entitled to recover the full amount of any damages which you may find Plaintiffs have sustained as a result of the occurrence.

**AUTHORITY:**        **OUJI § 9.23**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

## Plaintiffs' Requested Jury Instruction No. 40

**STANDARD OF CARE — NON-SPECIALIST**

In diagnosing the condition of or treating a patient, a physician must use [his/her] best judgment and apply with ordinary care and diligence the knowledge and skill that is possessed and used by members of their profession in good standing engaged in the same field of practice at that time.   A physician's standard of care is measured by national standards.   A physician does not guarantee a cure and is not responsible for the lack of success, unless that lack results from their failure to exercise ordinary care or from their lack of that degree of knowledge and skill possessed by physicians in the same field of practice.

**AUTHORITY:          OUJI § 14.1**

GIVEN _____NOT GIVEN _____ MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 41**

**DAMAGES FOR WRONGFUL DEATH OF AN ADULT**

Plaintiffs in this action sue to recover damages for the death of Charles Holdstock.

If you decide for Plaintiffs on the question of liability, in determining the among of damages [he/she] is entitled to recover, you may consider the following items:

1.      The grief of the children of Charles Holdstock;

2.      The loss of companionship and parental care, training, guidance, or education that would have been forthcoming from Charles Holdstock to the children, and the loss of companionship of Charles Holdstock by the children;

3.      The pain and suffering of Charles Holdstock;

4.      The medical and burial expenses.

You must fix the amount of money which will reasonably and fairly compensate for those above-named elements of damage, which you find were directly caused by the Defendants.

**AUTHORITY:**        **OUJI § 8.1.**

GIVEN _____NOT GIVEN _____ MODIFIED _____

## Plaintiffs Requested Jury Instruction No. 42

**Intangible Damages:**

No evidence of the value of such intangible things as mental or physical pain and suffering, or loss of employment has been or needs to be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate Plaintiff for these damage categories. There is no exact standard for fixing the compensation to be awarded for these damages. Any such award should be fair and just in the light of the evidence.

**AUTHORITY:**    **Devitt & Blackmar, Federal Jury Practice and Instructions, § 85.02(4thEd. 1987).**

**GIVEN _____ NOT GIVEN _____ MODIFIED_____**

## Plaintiffs' Requested Jury Instruction No. 43

**MEASURE OF DAMAGES --- AGGRAVATIONS OF PRE --- EXISTING CONDITIONS**

A person who has a condition or disability at the time of an injury is entitled to recover damages for any aggravation of such pre-existing condition or disability directly caused by the injury. This is true even if the person's condition or disability made him more susceptible to the possibility of injury than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

When a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.

**AUTHORITY:       OUJI § 4.10**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

49

## <u>Plaintiffs' Requested Jury Instruction No. 44</u>

**§ 166.61   Nominal Damages**

If  you  find  in  favor  of  plaintiffsbut  you  find  that  plaintiffs  damages  have  no monetary     value,     then     you     must     return     a     verdict     for     plaintiffs in the nominal amount of one dollar.

**AUTHORITY:  O'Malley, Grenig, Lee, _Federal Jury Practice and Instructions,_  <u>§166.61</u>
(5th Ed. 2001)**

GIVEN _____NOT GIVEN _____MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 45**

EXEMPLARY OR PUNITIVE DAMAGES --- FIRST STAGE

If you find in favor of Plaintiff, and grant actual damages, then you must also find by a separate verdict, whether Defendants Sheriff Whetsel and/or the Oklahoma Board of County Commissioners acted in reckless disregard of the rights of others and/or acted intentionally and with malice towards others.

Plaintiffs have the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from  serious doubt.

[The conduct of Defendants Sheriff Whetsel and/or the Oklahoma Board of County Commissioners was in reckless disregard of another's rights if Defendants Sheriff Whetsel and/or the Oklahoma Board of County Commissioners were either aware, or did not care, that there was a substantial and unnecessary risk that the conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

If you find that Defendant Sheriff Whetsel and/or the Oklahoma Board of County Commissioners acted (in reckless disregard of the rights of others) or (intentionally and with malice towards others, you may award punitive damages against Defendants Sheriff Whetsel and/or the Oklahoma Board of County Commissioners in a later part of this trial. If you find that Defendant Sheriff Whetsel and/or the Oklahoma Board of County Commissioners did not act in  reckless disregard of the rights of others or intentionally and with malice towards others, you may not award punitive damages

51

against Defendants Sheriff Whetsel and/or the Oklahoma Board of County Commissioners.


**AUTHORITY:  OUJI §5.6**

GIVEN _____ NOT GIVEN _____ MODIFIED _____

<u>Plaintiffs' Requested Jury Instruction No. 46</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| APRIL LAYTON, as Personal Representative of<br>the Estate of Charles Holdstock, deceased,<br>APRIL LAYTON, Individually,<br>VALERIE WINFREY, Individually, and<br>MELANIE HUFNAGEL, Individually | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-09-1208-C<br>Judge Robin J. Cauthron |
| CORRECTIONAL HEALTHCARE<br>MANAGEMENT OF OKLAHOMA, INC.;<br>THE BOARD OF COUNTY COMMISSIONERS<br>OF OKLAHOMA COUNTY; a Political Subdivision<br>of the State of Oklahoma, and,<br>JOHN WHETSEL, individually and in his capacity<br>as Sheriff of Oklahoma County. | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**BLUE VERDICT FORM PLAINTIFFS**
**CONSTITUTIONAL AND NEGLIGENCE CLAIMS**

We, the jury, emplaned and sworn in the above entitled cause do, upon our oaths, find in regard to Plaintiffs' Constitutional claims brought under Title 42 U.S.C §1983, as follows [place an X on the lines that represent your verdict]:

## I.   OKLAHOMA COUNTY SHERIFF'S DEPARTMENT

_____   Defendant, Oklahoma County Sheriff Department failed to provide proper medical care to Charles Holdstock in violation of his 8th & 14th Amendment rights;

         or

53

_____         Defendant Oklahoma County Sheriff Department *did not fail* to provide
                 proper medical care to Charles Holdstock in violation of his 8th and 14th
                 Amendment rights.

### II.  SHERIFF JOHN WHETSEL, INDIVIDUALLY

_____         Defendant, Sheriff Whetsel, Individually, actions or inactions lead to a
                 failure of proper medical care to Charles Holdstock in violation of 8th & 14th
                 Amendment rights.
                         or
_____         Defendant Sheriff WHetsel, Invidually, actions or inactions *did not* lead to
                 a failure of proper medical care to Charles Holdstock in violation of his 8th
                 and 14th Amendment rights.

### III. OKLAHOMA COUNTY BOARD OF COUNTY COMMISSIONERS

_____         Defendant, Board of County Commissioners' policies and procedures or
                 customs led to a failure of proper medical care to Charles Holdstock in
                 violation of 8th and 14th Amendment rights.
                         or
_____         Defendant, Board of County Commissioners' policies and procedures or
                 customs *did not* lead to a failure of proper medical care to Charles
                 Holdstock in violation of 8th and 14th Amendment rights.

## AMOUNT OF DAMAGES

     If you find Defendants liable for violations of Charles  Holdstock's

Constitutional Rights, please write the amount of damages you have determined will

compensation April Layton, Melanie Hufnagel, Valerie Winfrey and the Estate of Charles

Holdstock for each of the following catagories:

     If you find that Plaintiffs damages have no monetary value, set forth a nominal

amount such as $1.00.

### ACTUAL DAMAGES

1.  Charles Holdstock's Mental Anguish and Suffering          $_____

2.  Charles Holdstock's Physical Pain and Suffering          $_____
3.  Charles Holdstock's funeral and burial expenses          $_____
4.  April Layton's Grief and Loss of Companionship           $_____
5.  Melanie Hufnagel's  Grief and Loss of Companionship      $_____
6.  Valerie Winfrey's Grief and Loss of Companionship        $_____
7.  Funeral and Burial Expenses                              $_____

**OKLAHOMA COUNTY SHERIFF'S DEPARTMENT**

We do _____ do not _____ (Check One) find by clear and convincing evidence that the Defendant, Oklahoma County Sheriff's Department acted in reckless disregard of the rights of others.

**SHERIFF JOHN WHETSEL INDIVIDUALLY**

We do _____ do not _____ (Check One) find by clear and convincing evidence that the Defendant, Sheriff John Whetsel, Individually, acted in reckless disregard of the rights of others.

**OKLAHOMA COUNTY BOARD OF COUNTY COMMISSIONERS**

We do _____ do not _____ (Check One) find by clear and convincing evidence that the Defendant, Oklahoma County Board of County Commissioners acted in reckless disregard of the rights of others.

You may not award punitive damages against any defendant unless you have first found against that defendant and awarded Plaintiffs nominal or actual damages.

We assess punitive damages against the Defendant Correctional Healthcare Management of Oklahoma as follows:

**$_____ [stating the amount or, if none, write the word "none"]**

We assess punitive damages against the Oklahoma Count

Sheriff's Department as follows:

**$_____ [stating the amount or, if none, write the word "none"]**

We assess punitive damages against the Sheriff John Whetsel, Individually, as follows:

**$_____ [stating the amount or, if none, write the word "none"]**

We assess punitive damages against the Oklahoma County Board of County Commissioners, as follows:

**$_____ [stating the amount or, if none, write the word "none"]**

_____          _____
 Foreperson

**_____          _____**

**_____          _____**

**_____          _____**

**_____          _____**

**AUTHORITY: Modified OUJI 5.7**

GIVEN _____NOT GIVEN _____MODIFIED _____

**Plaintiffs' Requested Jury Instruction No. 47**

EXEMPLARY OR PUNITIVE DAMAGES --- SECOND STAGE

Ladies and Gentlemen of the jury, you have found in favor of the plaintiff and granted him/her actual damages, and you have also found by a separate verdict that the defendant **(acted with reckless disregard of the rights of others) (and/or) (acted intentionally and with malice towards others)**.

You may now, in addition to actual damages, grant the plaintiff punitive damages in such sum as you reasonably believe will punish defendant and be an example to others.

Punitive damages are not to be considered as compensation to [Plaintiff], but as punishment to [Defendant], and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

[You may consider evidence of actual harm to others in determining the seriousness of the hazard to the public and thus whether the conduct that harmed the plaintiff was particularly reprehensible or bad. Conduct that risks harm to many may be more reprehensible than conduct that risks harm to only a few. However, you may not use punitive damages to punish [Defendant] directly on account of harms that [Defendant] may have caused to others.]

In determining the amount of punitive damages, you may consider the following factors:

1.    The seriousness of the hazard to the public arising from [Defendant]'s

misconduct;

2.     The profitability of the misconduct to [Defendant];

3.     How long the conduct lasted and whether it is likely to continue;

4.     Whether there were attempts to conceal the misconduct;

5.     How aware [Defendant] was of the conduct and its consequences and how aware [Defendant] was of the hazard and of its excessiveness;

6.     The attitude and conduct of [Defendant] upon finding out about the misconduct/hazard;

7.     The financial condition of [Defendant];

8.     (If the defendant is a corporation or other entity) The number and level of employees involved in causing or concealing the misconduct.

In no event should the punitive damages exceed the greater of:

(Select One)

[$100,000.00 or the amount of actual damages you have previously awarded].

**OR**

[$500,000.00, or twice the amount of actual damages you have previously awarded, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury to the plaintiff].

AUTHORITY:         OUJI § 5.9

GIVEN _____ NOT GIVEN _____ MODIFED _____

**Plaintiffs' Requested Jury Instruction No. 48**

VERDICT FORM, FOR PLAINTIFF, PUNITIVE DAMAGES (SECOND STAGE)

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(5)  APRIL LAYTON, as Personal Representative of the Estate of Charles Holdstock, deceased,**<br>**(6)  APRIL LAYTON, Individually,**<br>**(7)  VALERIE WINFREY, Individually, and**<br>**(8)  MELANIE HUFNAGEL, Individually**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**(3)  CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.;**<br>**(4)  THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY; a Political Subdivision of the State of Oklahoma, and,**<br>**JOHN WHETSEL, individually and in his capacity as Sheriff of Oklahoma County.**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No. CIV-09-1208-C**<br>) **Judge Robin J. Cauthron**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### VERDICT FORM- SECOND STAGE

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of the Plaintiffs and fix the dollar amount of punitive damages in the sum of $ _____ against The Board of County Commissioners of Oklahoma County, find in favor of the Plaintiffs and fix the dollar amount of punitive damages in the sum of $ _____ against Oklahoma Sheriff Department, and find in favor of the Plaintiffs and fix the dollar amount of punitive damages in the sum of $ _____ against Sheriff John Whetsel, Individually.

59

_____         _____

Foreperson

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

AUTHORITY:          OUJI § 5.10


GIVEN \_\_\_\_\_   NOT GIVEN _____   MODIFED _____

60