## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APRIL LAYTON, as personal | ) | |
| Representative of the Estate of | ) | |
| Charles Holdstock, deceased, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-2009-1208-C |
| | ) | |
| CORRECTIONAL HEALTHCARE | ) | |
| MANAGEMENT OF OKLAHOMA, INC., a | ) | |
| Corporation; OKLAHOMA COUNTY | ) | |
| BOARD OF COUNTY COMMISSIONERS, | ) | |
| And SHERIFF JOHNWHETSEL, in his | ) | |
| Official capacity, | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**COMES NOW,** the Defendants, Oklahoma County Board of County Commissioners and Sheriff John Whetsel, in his official capacity, and submits the following proposed jury instructions and hereby, reserves the right to add further instructions or modify these instructions as may be required by the facts and evidence at trial. Defendants further respectfully inform the court that there are some varying versions jury instructions for the Court's consideration due to the contribution issues and reasons which are fully set forth in the Defendants' trial brief filed with the Court.

Respectfully submitted,

BY:    /s/ Lisa Erickson Endres_____
LISA ERICKSON ENDRES, OBA #16647
SANDRA HOWELL ELLIOTT, OBA#11175
ASSISTANT DISTRICT ATTORNEYS

## CERTIFICATE OF MAILING

This is to certify that a true and correct copy of the above and foregoing document was served on the following person by electronically transmitting the document to the Clerk of the Court for the Western District of Oklahoma using the ECF system for filing on the date of filing:

E.W. Keller
Henry Dalton
Keller, Keller, & Dalton
210 W. Park Avenue, Suite 1110
Oklahoma City, OK 73102
*Attorney for Plaintiffs*

/s/ Lisa Erickson Endres_____
LISA ERICKSON ENDRES, OBA #16647
SANDRA HOWELL ELLIOTT, OBA#11175
ASSISTANT DISTRICT ATTORNEYS
320 Robert S. Kerr, Suite 500
Oklahoma City, OK 73102
Phone: (405) 713-1600 / Fax: (405) 713-1749

REQUESTED INSTRUCTION NO. **1**

OPENING INSTRUCTIONS – EXPLANATION OF VOIR DIRE

As possible jurors you will be questioned to determine your qualifications to serve in this case.  The purpose of these questions is to obtain a fair jury.  Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors.  Will you please stand, raise your right hand, and the oath will now be given to you.


_____
**UNITED STATES DISTRICT JUDGE**



Given           _____
Refused        _____
Modified       _____



Oklahoma Uniform Jury Instruction - Civil 1.1

DEFENDANT'S REQUESTED INSTRUCTION NO. **2**

**OPENING INSTRUCTIONS- DUTY OF THE JURY**

Ladies and Gentlemen:

I will now explain to you your duties as jurors.  It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received.  It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case form the evidence produced in open court.  You should consider only the evidence introduced while the court is in session.  It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision.  Your decision should be based upon probabilities, and not possibilities.  It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true.  The term "witness" means anyone who testifies in person, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons.  You may make

deductions and reach conclusions which reason and common sense lead you to draw from the facts you find to have been established by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law.  From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections.  If I say the objection is sustained, yo must not consider the testimony or exhibit covered by the objection.  If I say the objection is overruled, yo may consider the testimony or exhibit covered by the objection.   The attorney's objections and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence.   If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each.  You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation.   Also consider the reasonableness, consistency or inconsistency of the testimony.   You should also consider the bias, prejudice or interest, if any, the witnesses may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the court of this trial are not intended to indicate my opinion as to the facts.  During all recesses and adjournments, while this case

is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you.  This rule applies not only ot court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet.  If during the trial anyone talks to you or tires to talk to you about this case, you must immediately report it to me, or the bailiff, who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case or anything about this case, or form or express any opinion about it.  Do not read newspaper reports or obtain information form the internet about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it.  Do not attempt to investigate this case on your own.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority:* Oklahoma Uniform Jury Instructions 1.4

DEFENDANT'S REQUESTED INSTRUCTION NO. **3**

**OPENING INSTRUCTIONS- DUTY OF JURY TO FOLLOW INSTRUCTIONS**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. Remember at all times that you are judges of the facts.  It is your duty to find the facts from all the evidence in the case. Your sole interest is to seek the truth from the evidence in the case.

To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important. Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

_____
**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

*Authority:*    Federal Jury Practice and Instructions Forms, West §101:01 (August 2013);
                9th Cir. Manual of Model Civil Jury Instr.; Instr. 1.1B (2007).

DEFENDANT'S REQUESTED INSTRUCTION NO.**4**

**OPENING INSTRUCTIONS- OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.  The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.  After all the evidence is in, the attorneys for the parties will present their closing arguments to summarize and interpret the evidence for you. After closing arguments, I will give you instructions on the law that applies to the case and you will go to the jury room to deliberate on your verdict.  You should base your decision on all the evidence, regardless of which party presented it and upon the instructions on the law given to you.


_____
**UNITED STATES DISTRICT JUDGE**



Given        _____
Refused      _____
Modified     _____


*Authority*: 9th Cir. Pattern Jury Instr. 1.19; West Federal Jury Practice and Instr. Forms §101:01; Opening instructions, (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO. **5**

**OPENING INSTRUCTIONS- NOTE TAKING**

I have given you notepads and pens.  You may take notes during the presentation of evidence in this case.  I do not require that nay jury take notes.  This is entirely up to you.  If you do take notes, remember this:

1. Take notes sparingly.  Do not try to write down all the testimony.  The purpose of taking notes is to help you remember.  They should not take the place of your independent memory of the testimony.  Notes are helpful when dealing with measurements, times, distances, identities and relationships.

2. You must pass on the credibility of the witnesses, and to do so you must observe them.  Do not let note taken distract you from this duty.

3. If you do not take notes or take only a few notes, do not let your own independent recollection of the evidence be influenced solely by the fact other jurors have taken notes.

4. Your notes are for your private use only.  Do not share your notes with any other juror during the presentation of the case.  You may discuss your notes only with the other jurors and only after the case is submitted to you for deliberation.

During recesses and at the end of the day, leave your note pad in the courtroom.  We will lock the courtroom at night and during the noon recess.

You will have access to your notes during deliberations.  After the trial is over, please leave your pads and pens in the deliberation room.  No one will read your notes.  They will not be included in the official record of this case.  The notes will be destroyed.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

_____
**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

*Authority*: Oklahoma Uniform Jury Instr,- Civil 1.7; West Federal Jury Practice and Instr. §101:01 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO.  6

**OPENING INSTRUCTIONS- BENCH CONFERENCES**

During the trial it may be necessary for me to talk with the lawyers privately out of your hearing by having a bench conference. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number and length of these conferences.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.


_____
**UNITED STATES DISTRICT JUDGE**



Given          _____
Refused        _____
Modified       _____


*Authority*: 8th Cir. Pattern Jury Instr. 1.03; West Federal Jury Practice and Instr. §101:01 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO. **7**

**OPENING INSTRUCTIONS-    JUDGE'S QUESTIONS**

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority*: West Federal Jury Practice and Instr. §101:01 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **8**

**OPENING INSTRUCTIONS-   ALL LITIGANTS EQUAL UNDER THE LAW**

In this case the defendants are collectively a single governmental entity.  All parties are equal before the law.  A governmental entity is entitled to the same fair consideration that you would give any individual person.

_____
**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

*Authority*: West Federal Jury Practice and Instr.§101:01 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **9**

**OPENING INSTRUCTIONS- DEFINITION OF EVIDENCE**

You must decide the case on only the evidence presented in the courtroom. Your job is to give each piece of evidence whatever weight you think it deserves. Evidence comes in many forms. When I sue the word "evidence," I mean the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced them.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

4. Depositions that have been received or read into the record as evidence.

Some things are not evidence and you should not consider things that are not evidence.

I will now tell you what is not considered evidence:

1. The lawyers' statements and arguments. Their remarks may help you follow each side's arguments and presentation of evidence.

2. The lawyers' questions and objections. Only the witnesses' answers are evidence.

3. Documents or other things that might be in court or talked about, but that I do not receive as exhibits.

4. Objections.  Lawyers have a right- and sometimes a duty- to object when they believe something should not be part of the trial.  Do not be influenced one way or the other by objections.

5. Testimony and exhibits that I strike from the record or disallow.  Evidence that is stricken from the record to must be disregarded and ignored and you must not try to guess what the information might have been.

6.   Anything you see or hear about this case outside the courtroom.

Also, I might tell you that you can consider a piece of evidence for one purpose only and not for any other purpose.  If this happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for any other purpose.

_____
**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

*Authority*: 8th Cir. Pattern Jury Instr. 1.02; West Federal Jury Practice and Instr. §101:01; §101:40 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO.**10**

## OPENING INSTRUCTIONS- OBJECTIONS AND RULINGS ON EVIDENCE

There are rules of evidence that control what can be received into evidence. From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make when admitting or denying evidence that I have any opinions about how you should decide this case.

If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

You, the jurors, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority*: 9th Cir. Pattern Jury Inst. 1.10; West Federal Jury Practice and Instr.§101:01; §101:49 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010); 3rd Cir., §11:03.

DEFENDANT'S REQUESTED INSTRUCTION NO. **11**

**OPENING INSTRUCTIONS-USE OF DEPOSITIONS AS EVIDENCE**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Dr. Joseph Paris, taken on June 15, 2011, has been presented by a reading of the transcript.  The deposition of Dr. Kim Klancke taken on November 4, 2013 has been presented to you by video. The deposition of Jeff Eiser taken on November 8, 2013 has been presented to you by video. The deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


_____
**UNITED STATES DISTRICT JUDGE**


Given        _____
Refused      _____
Modified     _____


*Authority:*  West Federal Jury Practice and Instr. §102:23 (August 2013).

DEFENDANT'S REQUESTED INSTRUCTION NO. **12**

**OPENING INSTRUCTIONS- EVALUATION OF EVIDENCE AND
CREDIBILITY OF WITNESSES**

The evidence in the case consists of the sworn testimony of the witnesses, testifying either in person or by deposition, all exhibits which have been received in evidence, and all facts that have been admitted or stipulated.

As the sole judges of the facts, you may have to decide which testimony to believe and which testimony not to believe.

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury to determine the credibility of a witness's testimony.  Credibility means the believability of a witness's testimony.  You may believe everything a witness says, or part of it, or none of it. When considering a witness's testimony, you may take into account:

1. The opportunity and ability of the witness to see, or hear or know the things the witness is testifying about;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice he or she may have;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

_____
**UNITED STATES DISTRICT JUDGE**

Given       _____

Refused    _____

Modified   _____

*Authority*: 9th Cir. Model Jury Instr. Civ. 1.11; 5th Cir. Pattern Jury Instr. Civ. 2.16; West Federal Jury Practice and Instr. §101:01; §101.43 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **13**

**OPENING INSTRUCTIONS- EXPERT WITNESSES**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  When knowledge of technical subject matter may be helpful to the jury, a person who has special knowledge, experience, skill, training, or experience in a technical field, is permitted to state his opinion on matters relating to his field of expertise.  However, you are not required to surrender your own judgment or accept an expert's opinion or his other testimony.  Expert testimony must be considered by you, but it is not controlling upon your judgment.  You must determine the reliability of the expert's opinion and evaluate the expert's opinion in light of the other evidence in the case.  As with any other witness, it is up to you to decide whether to rely upon expert testimony and, if you do rely upon it, how much weight to give it.

In deciding whether to accept and rely upon the testimony of an expert witness, you may consider whether the facts relied upon by the expert in forming his opinion are supported by the evidence, the expert's qualifications, and all of the other evidence in the case. You may also consider any bias of the expert witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness for one side of the litigation, and that his income from such testimony represents a significant portion of his income.

_____
**UNITED STATES DISTRICT JUDGE**


Given     _____
Refused   _____
Modified  _____


*Authority*:   Modified and adapted from Oklahoma Uniform Jury Instr.-Civil, 3.21; Section1983 Litigation Jury Instr. §2.03, 2d Ed., Schwartz & Pratt (2011); 5th Cir. Pattern Civ. Jury Instr. § 2.19; 11th Cir. Pattern Civ. Jury Instr. 5.1

DEFENDANT'S REQUESTED INSTRUCTION NO. **14**

## EVIDENCE - DIRECT - INDIRECT - OR CIRCUMSTANTIAL

This case must be decided on evidence and your deliberations must not be tainted by prejudice for or against any party or influenced by sympathy for any party.

You are instructed that evidence may be either direct or circumstantial.  "Direct evidence" is direct proof of a fact, such as the testimony of a witness about what the witness said or heard or did or other testimony based on actual personal knowledge or observation of the facts in controversy.  "Circumstantial evidence" is evidence is proof of one or more facts from which you could find another fact.

The law does not require you to accept all of the evidence I have admitted.  The lawyers and I merely place it before you.  In determining what evidence you will accept, you must make your own evaluation of it.  In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others.  The same experience and common sense that you use in your everyday dealings are what you should apply in your deliberations.


_____
**UNITED STATES DISTRICT JUDGE**

Given       _____
Refused     _____
Modified    _____

*Authority*:  West Federal Jury Practice and Instr., §101:42 (August 2013).

DEFENDANT'S REQUESTED INSTRUCTION NO. **15**

**FAILURE TO PRODUCE AVAILABLE EVIDENCE**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority*:  West Federal Jury Practice and Instr. §104:26 (August 2013). *United Auto. Workers v. NLRB*, 459 F.2d 1329, 1336 (D.C.Cir.1972)( citing the "adverse inference rule"); *Rockingham Machine-Lunex Co. v. NLRB*, 665 F.2d 303, 304 (8th Cir.1981). *Interstate Circuit, Inc. v. United States*, 306 U.S. 208, 226, 59 S.Ct. 467, 474, 83 L.Ed. 610 (1939) (production of weak evidence when strong is available can lead only to conclusion that strong evidence would have been adverse).

DEFENDANT'S REQUESTED INSTRUCTION NO. **16**

## IMPEACHMENT - INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority:* Eleventh Circuit Pattern Jury Instr., Civ. Cases, Basic Instr. No. 4.1 (2005); 5th Cir. Pattern Jury Instr. Civ. 2.16 (2009); West Federal Jury Practice and Instructions §105:09 (August 2013).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **17**

**OPENING INSTRUCTIONS- CLAIMS AND DEFENSES**

This is a civil case. To help you follow the evidence, I'll provide a summary of the parties and their claims and defenses.

The Plaintiff, April Layton, is the Executor of the Estate of Charles Holdstock. Charles Holdstock is April Layton's deceased father.  Charles Holdstock was booked into Oklahoma County Detention Center on September 5, 2006 on multiple felony counts. When he entered into jail custody, Charles Holdstock had the following medical conditions:  severe congestive heart failure, a pacemaker (installed in 2002), diabetes, hypertension, and other significant health issues.  Charles Holdstock was 63 years of age when he died on May 15, 2009 while in the custody of the Oklahoma County Detention Center.   Charles Holdstock was in jail awaiting trial for approximately 2 years and 8 months because he could not make bail and had multiple continuances of his felony trial.

The Defendants are the Oklahoma County Board of County Commissioners and Sheriff John Whetsel, in his official capacity.   Sheriff John Whetsel, in his official capacity is charged with the duty of operating the Oklahoma County Detention Center and the Board of Oklahoma County Commissioners is the governing municipal body responsible for funding and overseeing the operations of the Oklahoma County Detention Center.  The Defendants were collectively responsible for providing access to reasonable medical care to Charles Holdstock while he was in jail awaiting trial.  To fulfill this duty to provide medical care, the County hired a company to provide necessary medical

healthcare services to jail inmates.   This company was Correctional Healthcare Management of Oklahoma, otherwise known as CHMO.

Plaintiff claims that Defendants violated the constitutional rights of Charles Holdstock by establishing a custom or policy that was, by act or omission, deliberately indifferent to his constitutional right to reasonable medical care for his serious medical conditions. The Plaintiff bears the burden to prove her claims by a preponderance of the evidence.

Defendants deny Plaintiff's claims and contend that the death of Charles Holdstock was a naturally occurring event, that he was not deprived of reasonable medical care, and that there was no custom or policy of the County or Sheriff that directly and proximately caused the death of Charles Holdstock.   The Defendants further claim that Charles Holdstock's injury was not caused by a constitutional right violation by the County and that he got constitutionally adequate medical care from CHMO.   Alternatively, Defendants assert that if the jury finds that CHMO was medically negligent in providing healthcare to Charles Holdstock,   such failure was entirely the fault of the County's subcontractor, Correctional Healthcare Management of Oklahoma and would not rise to the level of a constitutional violation that would result in a finding of liability under Section 1983 against the County Defendants.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority*: West Federal Jury Practice and Instr. §101:01 (August 2013); 9th Cir. Manual of Model Civ. Jury Instr., 1.2 (2007); 3rd Cir. Instr. No. 1.2 (2011); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010).

DEFENDANT'S REQUESTED INSTRUCTION NO. **18**

**CLAIMS AND DEFENSES- CAUTIONARY INSTRUCTION**

The claims and defenses instruction in this the case simply defines the issues to be tried by you in this case. The allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel. You will only consider as evidence the testimony heard from the witnesses under oath, any exhibits which have been introduced, and any stipulations made by counsel. You will consider that evidence under these instructions.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority*: Oklahoma Uniform Jury Instr.- Civil- 2.5

DEFENDANT'S REQUESTED INSTRUCTION NO. **19**

**OPENING INSTRUCTIONS- BURDEN OF PROOF**

This is a civil case. April Layton, the Executor of the Estate of Charles Holdstock, is the party that brought this lawsuit. The Board of Oklahoma County Commissioners and Sheriff John Whetsel are the Defendants and the collective municipal government party against whom the lawsuit was filed.

April Layton has the burden of proving her case by what is called the preponderance of the evidence. That means April Layton has to prove to you, in light of all the evidence, that what she claims is more likely so than not so.

To say it differently: if you were to put the evidence favorable to April Layton and the evidence favorable to the Board of Oklahoma County Commissioners and Sheriff John Whetsel on opposite sides of the scales, April Layton would have to make the scales tip somewhat on her side. If April Layton fails to meet this burden, the verdict must be for the Board of Oklahoma County Commissioners and Sheriff John Whetsel.

If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence. However, if a preponderance of the evidence does not support each essential element of the Plaintiff' claim, then the jury must find against the Plaintiff and in favor of the Defendants.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority*: West Federal Jury Practice and Instr. §101:01 (August 2013); Manual of Model Civ. Jury Instr. §1.2 (2011); 7th Cir. Fed. Civ. Jury Instr., Appendix (2010); 3rd Cir. Model Civ. Jury Instr. No. 1.10 (2011).

REQUESTED INSTRUCTION NO. **20**

**CIVIL RIGHTS ACT**

The Plaintiff is claiming damages under Title 42, Section 1983 of the United States Code, which is known as the Civil Rights Act.  This Act provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, or usage of any State … subjects or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured….

Plaintiff alleges the Defendants are liable under Section 1983 (the Civil Rights Act) because Defendants had an established custom or policy at the time Charles Holdstock was in custody of the Oklahoma County Detention Center that was deliberately indifferent to his medical needs and that such policy proximately caused his death.  The Defendant denies these claims.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

Authority: 42 U.S.C. § 1983

REQUESTED INSTRUCTION NO. **21**

**CUSTOM AND POLICY DEFINED**

Plaintiff alleges the Defendants are liable under Section1983 (the Civil Rights Act) because Defendants had an established custom or policy at the time Charles Holdstock was in custody of the Oklahoma County Detention Center that was deliberately indifferent to his serious medical needs and that such policy proximately caused his death.  The Defendant denies these claims.

Liability under Section 1983 against a government municipality, like Oklahoma County, may be found only when there is evidence that the County made a deliberate choice to follow a course of action from among various alternatives.  A policy or custom may take the form of:

1.   A formal regulation or policy statement;

2.  An informal custom amounting to a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law;

3.  The decisions of employees with final policymaking authority;

4.  The ratification by such final policymakers of the decisions -and the basis for them- of subordinates to whom authority was delegated subjet to these policymakers' review and approval; or

5.  The failure to adequately train or supervise employees so long as the failure results from deliberate indifference to the injuries that may be caused.

_____

**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____


*Authority:  Plummer v. Town of Dickson,* 2013 WL 2367829 (E.Dist. OK 2013); *Bramer-Hoelter,* 602 F.3d 1175, 1188 (10th Cir. 2010) (citations omitted).

REQUESTED INSTRUCTION NO. **22**

## COLOR OF LAW

The Plaintiff is required to prove whether the Defendants were acting under color of state law when establishing custom or policy of Oklahoma County.  In this case– there is no legal dispute that the Defendants Board of Oklahoma County Commissioners and Sheriff John Whetsel, in his official capacity as Sheriff, as elected officers of Oklahoma County, were acting under color of law.  Therefore, you need not concern yourself with making a finding of this element because it is established that the defendants were acting under color of law at all times relevant in this case.

_____

**UNITED STATES DISTRICT JUDGE**

Given       _____
Refused      _____
Modified     _____

*Authority:*  42 U.S.C. § 1983

DEFENDANT'S REQUESTED INSTRUCTION NO. **23**

**ELEMENTS OF DELIBERATE INDIFFERENCE - CUSTOM OR POLICY**

In this case, the Plaintiff, April Layton, Executor of the Estate of Charles Holdstock, claims that the Defendants, Board of Oklahoma County Commissions and Sheriff John Whetsel, while acting "under color" of state law, intentionally, violated the rights of Charles Holdstock under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of state law as elected officials of Oklahoma County, the Defendants intentionally violated Charles Holdstock's right to be provided access to reasonable medical care under the Eighth and Fourteenth Amendments to the Constitution.

More specifically, the Plaintiff claims that Charles Holdstock was subjected to cruel and unusual punishment because the Defendants were deliberately indifferent to Charles Holdstock's serious medical needs by establishing a custom or policy that was moving force behind the constitutional right violation and that custom or policy was what caused or lead to his death.

You are instructed that the due process of law clause of the Fourteenth Amendment and the Eight Amendment do entitle anyone who is arrested and detained under state law to reasonable and necessary medical care. Thus, a county officer would violate that constitutional right if the officer acts or fails to act in a manner that is deliberately indifferent to an inmate's serious medical need.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the officer is required before any violation of the Constitution occurs. Mere negligence or medical malpractice or a lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights.

When bringing suit against a governmental entity, such as the County, the Plaintiff must additionally prove that the County, by and through its officers, established a custom or policy that was the moving force and direct cause of the constitutional violation and death of Charles Holdstock.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

1. That Charles Holdstock's federally protected rights were violated by a County employee or contractor;

2. The violation of the Charles Holdtstock's rights occurred because of a long-standing custom or practice of Oklahoma County; and

3. The Board of Oklahoma County Commissioners either approved of or was deliberately indifferent to the established custom or practice.

You are instructed that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find all of these elements are proven by the Plaintiff by a preponderance of the evidence, you must find in favor of the Plaintiff.  However, if you find that any one of these elements is not proven by the Plaintiff by a preponderance of the evidence, you must find in favor of the Defendants.

_____
**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

*Authority*: Scwartz, Section 1983 Litigation Jury Instructions, §15.04.1, 2d. Ed., Vol. 4 (2011); Modified from West Federal Jury Practice and Instructions Forms, §165:41 & §166:21 (August 2013); *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir.1997); 11th Cir. Pattern Jury Instr. (Civil Cases) 2.3.2 and 2.4.2 (2005);  Federal Claims Instruction No. 2.4.2 (2000); . *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013); *Coffey v. McKinley,* 504 Fed.Appx. 715, 718 (10th Cir. 2012); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997); *Meade v. Grubbs*, 841 F.2d 1512, 1517 (10th Cir. 1988); *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **24**

## DELIBERATE INDIFFERENCE- DEFINED

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.   To act "deliberately" means to act intentionally; that is knowingly and voluntarily and not because of mistake or accident.

Negligence or inadvertence does not constitute deliberate indifference.   Deliberate indifference requires more than negligence or ordinary lack of due care. Medical malpractice does not constitute deliberate indifference.


_____
**UNITED STATES DISTRICT JUDGE**


Given          _____
Refused        _____
Modified       _____


*Authority*:   Federal Jury Practice and Instructions Forms, West, §165:41& §166.32 (August 2013); *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **25**

**GOVERNMENTAL LIABILITY – CUSTOM DEFINITIONS**

Oklahoma County may be held liable if the plaintiff proves that the deprivation of his constitutional rights was the direct result of the county's "custom."  The County's liability cannot be based on isolated or sporadic incidents.  It must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out County functions.  A custom means an act that, although not formally approved by an appropriate decision maker, is so widespread, consistent, and well-settled that county policy-makers must have known of it so that, by their acquiescence, such a practice has acquired the force of law.  Typically, a plaintiff must demonstrate that similarly situated persons were subjected to the same improper treatment.

To establish the existence of a "custom," the plaintiff must prove the following facts by a preponderance of the evidence:

| | |
|---|---|
| First: | The violation of plaintiff's constitutional right to adequate medical care. |
| Second: | A continuing, widespread, and persistent pattern of denying access to adequate medical care by the County defendnats; |
| Third: | Deliberate indifference or tacit approval of misconduct by policy-making officials; and |
| Fourth: | Injury to the plaintiff was caused as a direct result of the custom or policy. |

As used in this instruction, deliberate indifference is established only if there is actual knowledge of a substantial risk of injury or death by Charles Holdstock receiving inadequate medical care and if the defendants disregarded that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Mere carelessness, negligence or the failure to use the care that a reasonably careful person would use on the part of defendant does not prove deliberate indifference.

The Court has determined that Oklahoma County's policy makers, within the meaning of this instruction, were Sheriff John Whetsel and the Oklahoma County Board of County Commissioners.  Therefore, if you find that the custom or policy of Sheriff John Whetsel and the Oklahoma County Board of County Commissioners deprived plaintiff of his constitutional rights, Oklahoma County may be held liable for such deprivations.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____


*Authority*:  *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986); *Gates v. Unified Sch. Dist.*, 996 F.2d 1035, 1041 (10th Cir. 1993); *Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995); *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008).

REQUESTED INSTRUCTION NO. **26**

**PROXIMATE CAUSE- CUSTOM OR POLICY**

The Plaintiff must prove by a preponderance of the evidence that the Defendants' conduct was a "proximate cause" of Charles Holdstock's death.    "Proximate cause" means that there must be a sufficient causal connection between the conduct and the injury.  An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or, a reasonable probable consequence of the act or omission. The mere possibility that the act might have caused the damage or loss is not enough.

Plaintiff claims that the Defendants established a policy or custom regarding medical care that fell below constitutional standards.  To establish proximate cause, the Plaintiff must prove by a preponderance of the evidence that there was in fact a custom and policy of the Defendants that was deliberately indifferent to Charles Holdstock's serious medical needs and that the custom or policy directly or proximately caused the death of Charles Holdstock.

_____
**UNITED STATES DISTRICT JUDGE**

Given       _____
Refused     _____
Modified    _____

*Authority:  Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013); *Coffey v. McKinley,* 504 Fed.Appx. 715, 718 (10th Cir. 2012); 42 U.S.C. § 1983; Restatement (Second) of Torts §§430 to 461; Prosser & Keeton, Law of Torts §§41 to 45; West Federal Jury Practice and Instructions §168.42 (August 2013).

DEFENDANT'S REQUESTED INSTRUCTION NO. **27**

**NEGLIGENCE OR MEDICAL MALPRACTICE INSUFFICIENT**

If you find that the acts of the Defendants amount to nothing more than ordinary negligence or medical malpractice, you must find in favor of the Defendant on Plaintiff's claims of violation of constitutional rights.  Proof of negligence or malpractice alone is insufficient to establish a constitutional violation.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority:*    *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble,* 429 U.S. 97, 104–06 (1976); *Ledoux v. Davies,* 961 F.2d 1536, 1537 (10th Cir.1992)
.

DEFENDANT'S REQUESTED INSTRUCTION NO.  **28**

## CONSIDERATION OF THE TWO COUNTY DEFENDANTS

For the purposes of Civil Rights Litigation, when a suit is brought against an elected County Official, such as Sheriff John Whetsel, it can be brought in his individual capacity, his official capacity as Sheriff, or both.  In this case Sheriff John Whetsel has been sued in his official capacity.  The law treats lawsuits against a County official in his or her official capacity as the equivalent of a suit against the County itself.   Therefore, the same analysis and standards are applied to the Sherriff as the County.  For the purpose of this trial the Board of Oklahoma County Commissioners and Sheriff John Whetsel, in his official capacity, although named as two separate Defendants, are treated as one Defendant for the purposes of assessing damages.


_____
**UNITED STATES DISTRICT JUDGE**



Given         _____
Refused       _____
Modified      _____


*Authority:  Lopez v. LeMaster,* 172 F.3d 756, 762 (10th Cir.1999);*Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1316 n. 2 (10th Cir.1998); *Meade v. Grubbs*, 841 F.2d 1512, 1517 (10th Cir. 1988); *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **29**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the Plaintiff by the preponderance of evidence and in accord with the other instructions.

You are instructed that should you find for the Plaintiff, you may award only such damages as are found by you to be fair and just under all the facts and circumstances, but only if you first find that the evidence establishes some reasonable basis for these damages and the evidence should further establish some reasonable method to arrive at the amount allowed for pecuniary loss.

_____

**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

DEFENDANT'S REQUESTED INSTRUCTION NO. **30**

**DAMAGES - MUST HAVE BEEN PROXIMATELY CAUSED**

You are not to award damages for any injury or condition from which Charles Holdstock may have suffered, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by a custom or policy of the Defendants.  You are instructed that for an actor's conduct to be deemed a proximate cause of an injury or loss, the conduct must be proven by a preponderance of the evidence to have been such that the result complained of was the natural, direct, and consequential result of the alleged wrongful act and that a person of ordinary intelligence would have foreseen that the conduct was likely to have produced the result complained of.


_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____


*Authority:* Restatement (Second) of Torts §§430 to 461; Prosser & Keeton, Law of Torts §§41 to 45.

DEFENDANT'S REQUESTED INSTRUCTION NO. **31**

**DAMAGES - REASONABLE NOT SPECULATIVE**

Damages must be reasonable.  If you should find that the Plaintiff is entitled to a

verdict, you may award her only such damages as will reasonably and fairly compensate

her for such injury and damages.


_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

DEFENDANT'S REQUESTED INSTRUCTION NO.  **32**

## NO PUNITIVE DAMAGES AGAINST COUNTY

The Supreme Court of the United States had held that a county is immune from punitive damages in a §1983 lawsuit.  If you find in favor of the Plaintiff, you should not award or attempt to award punitive damages against the county or Sheriff Whetsel in his official capacity.

_____
**UNITED STATES DISTRICT JUDGE**

Given           _____
Refused         _____
Modified        _____

*Authority*:  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **33**

**SEPARATE CONSIDERATION OF EACH DEFENDANT**

In this case you will have heard evidence concerning three defendants:  CHMO, the medical healthcare provider, BOCC, the County, and Sheriff John Whetsel, the elected Sheriff of Oklahoma County.

The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are liable as well.  Each defendant is entitled to separate and individual consideration of his or her liability without regard to your decisions on any other defendant.

If the plaintiff proves that particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant.  This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct.  The law calls this apportionment.

It is not always possible to apportion damages to a particular defendant's conduct.  The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury.  If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights.  The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable.  So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for the purpose of assessing damages.  If he proves that two or more of the defendants are

jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.  Each defendant would then be liable for the overall damages.  The plaintiff, however, would be able to recover only one for his injury, because the law disallows double recoveries.

_____

**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

*Authority*:  Schwartz, Section 1983 Litigation Jury Inst. §18:06.1, 2nd Ed., Vol. 4 (2011); Adapted form *Hynes v. La Boy, 887 F. Supp. 818 (S.D.N.Y. 1995);* 5th Cir. Pattern Jury Instr. Civ. 15.14.

DEFENDANT'S REQUESTED INSTRUCTION NO. **34**

**MULTIPLE CLAIMS- AVOIDANCE OF DOUBLE RECOVERY**

Plaintiff, April Layton, Executor of the Estate of Charles Holdstock, has filed this action against the Defendants, Board of Oklahoma County Commissioners and Sheriff John Whetsel, under a theory that these Defendants had a policy and custom which was deliberately indifferent to the right of  Charles Holdstock to reasonable medical care.  While there are multiple defendants in this case, Plaintiff as asserted only one damage:  the death of Charles Holdstock.  If you find that one or more officials violated Charles Holdstock's federally protected rights, plaintiff April Layton, Executor of the Estate of Charles Holdstock, is entitled to be compensated only for the injuries Charles Holdstock actually suffered and no others.   You are not to consider injuries or damages suffered by April Layton personally or other members of Charles Holdstock's family.

If you should find in favor of the Plaintiff, April Layton, Executor of the Estate of Charles Holdstock, the Plaintiff is not entitled to double recovery for the same injury merely because the case has been brought under more than one theory or claim of recovery or against more than one Defendant.  A plaintiff is only entitled to recover for the actual loss suffered and no more.

A Plaintiff is entitled to be made whole but is not entitled to be put in a better position or condition than they would have been had the lawsuit not been filed. You should award an amount of compensatory damages no greater than you believe will

fairly and just compensate the Estate of Charles Holdstock for the death of Charles Holdstock.

_____
**UNITED STATES DISTRICT JUDGE**

Given       _____
Refused    _____
Modified   _____

Authority: Federal Jury Practice and Instructions Forms, §166.64, West (August 2013 CD); *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1459 (10th Cir.1997) (double recovery is precluded when alternative theories seeking same relief are pled and tried together); *Clappier v. Flynn*, 605 F.2d 519, 529 (10th Cir.1979); *Stringer v. Dilger*, 313 F.2d 536, 541 (10th Cir.1963);

DEFENDANT'S REQUESTED INSTRUCTION NO. **35**

## MITIGATION OF DAMAGES

If you find Charles Holdstock, was injured as a result of conduct by Defendants in violation of the Civil Rights Act**,** you must determine whether Charles Holdstock could have done something to lessen the harm suffered.  Defendants have the burden to prove by a preponderance of the evidence that Charles Holdstock could have lessened or reduced the harm done to him and failed to do so.

If Defendants establishes by a preponderance of the evidence that Charles Holdstock could have reduced the harm done to but failed to do so, Plaintiff is entitled only to damages sufficient to compensate for the injury that Charles Holdstock would have suffered had he taken appropriate action to reduce the harm.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____


*Authority:     Chavez-Rodriguez v. City of Santa Fe,* 2008 WL 5992271, *17 (D. N.M. Oct. 9, 2008)(noted that Tenth Circuirt recognizes mitigation of damages as affirmative defense in constitutional Section 1983 cases).

DEFENDANT'S REQUESTED INSTRUCTION NO. **36**

**DAMAGES ATTRIBUTABLE TO THE GHOST TORTFEASOR**

If you find that a county employee or county contractor was deliberately indifferent to the serious medical needs of Charles Holdstock, you must award damages. Under Oklahoma law, a defendant may predicate its defense on a non-party's negligence or liability. This is known as "ghost tortfeasor" liability.  When determining an award of damages, it is entirely appropriate for you the jury to consider what amount and what portion of damages or injury you find to be attributable to each Defendant or ghost tortfeasor when assessing damages.

Former Defendant, Correctional Healthcare Management of Oklahoma [CHMO], is no longer a party to this litigation.  As a result, CHMO is a ghost tortfeasor and may be considered by you when you assess liability and/or damages.  Because Defendants Board of County Oklahoma County Commissioners and Sheriff Whetsel have presented an affirmative defense that the alleged "ghost tortfeasor" CHMO was the party that proximately caused the injury to Charles Holdstock.  You the jury may consider this when determining which parties, if any, are culpable for violating Charles Holdstock's constitutional rights.  In determining liability, you may find one, none, all, or some of the defendants or ghost –tortfeasors liable. Once liability is determined, you will then be required to assess damages.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused     _____
Modified    _____

Authority: *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, 107 P.3d 595; *Pain v. Sims,*  283 P.3d 343, 345 -346 (Okla. Civ. App. 2012); *PFL Life Ins. Co. v. Franklin*, 1998 OK 32, n. 22, 958 P.2d 156, 164; *Paul v. N.L. Industries, Inc*., 624 P.2d 68, 70 (Okla. 1980); *Gaither v. City of Tulsa*, 664 P.2d 1026, 1029 (Okla. 1983), 12 O.S. §832.

DEFENDANT'S REQUESTED INSTRUCTION NO. **37**

## NON-MEDICAL PERSONNEL ENTITLED TO RELY UPON MEDICAL PROFESSIONALS

There is no requirement or expectation that staff of the Oklahoma County Detention Center be trained medical professionals.  Under the law, it is acceptable for the County to hire medical professionals to provide medical treatment to inmates in County Custody.  In this case, the County hired CHMO to provide professional medical healthcare services to inmates during the entire period of Charles Holdstock's incarceration.

There is a presumption that if a prisoner is under the care of medical experts, a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.  This is because jail administrators must rely on the judgment of medical professionals treating the inmate because the question of whether a particular medical treatment is warranted is a classic example of a matter for medical judgment.

Plaintiff bears the burden of proof to show by a preponderance of the evidence that jail administrators and Oklahoma County were not justified in relying on the judgment of medical experts and professions hired by CHMO to treat and provide medical care to Charles Holdstock.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

*Authority:  Heard v. Sheahan,* 148 Fed. Appx. 539, 540–41 (7th Cir.2005); *Wall v. Dauphin County,* 167 Fed. Appx. 309, at *2 (3rd Cir.2006); *Key v. McLaughlin,* WL 4369115, *8 -9 (Dist. Colo. ,2011).

DEFENDANT'S REQUESTED INSTRUCTION NO.  **38**

## GOVERNMENTAL LIABILITY – POLICY DEFINITIONS

Oklahoma County may be held liable if the plaintiff proves that the deprivation of his constitutional rights was the direct result of the County's policy.  A policy is one that is formally adopted by officials responsible for such decisions under the law.  A policy may also be an order made by a person with policy-making authority.

Oklahoma County may be liable if the plaintiff's constitutional rights were violated by an action taken as a direct result of and pursuant to a policy of the county.

The Court has determined that Oklahoma County's policy makers, within the meaning of this instruction, were Sheriff John Whetsel and the Oklahoma County Board of County Commissioners.  Therefore, if you find that the acts of Sheriff John Whetsel and the Oklahoma County Board of County Commissioners deprived plaintiff of his constitutional rights, Oklahoma County may be held liable for such deprivations.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____

Authority:   *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986); *Gates v. Unified Sch. Dist.*, 996 F.2d 1035, 1041 (10th Cir. 1993); *Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995); *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008)

DEFENDANT'S REQUESTED INSTRUCTION NO. **39**

**GOVERNMENTAL LIABILITY – INADEQUATE TRAINING**

Plaintiff, April Layton, seeks to hold Defendants, the Board of Oklahoma County Commissioners and Sheriff Whetsel liable for because, she claims, the County inadequately trained its employees to recognize the serious nature of Charles Holdstock's condition.   I have already instructed you about the constitutional standard for a Fourteenth and Eighth Amendment violation of an inmate's constitutional right to access of reasonable and adequate medical care.

In order to hold Oklahoma County liable, plaintiff bears the burden of proving that there was a need for more or different training which was so obvious, and the inadequacy so highly likely to result in the violation of constitutional rights, that the policy makers of the County can reasonably be said to have made a deliberate and conscious choice to allow the recurring violation of persons' rights to access to adequate medical care.

To establish a claim against Oklahoma County, is not enough for plaintiff to prove generalized deficiencies in the training of county employees to hold Oklahoma County liable.   Nor is it enough to show simple or gross negligence in the training of county employees in the area of recognizing an inmate's need to access adequate medical care. This means that the failure to use even slight care or diligence in the training of county employees is not enough to hold Oklahoma County liable.

Plaintiff must also prove that Oklahoma County acted with a sufficient degree of culpability in failing to train its employees.   It is not enough for plaintiff to prove that isolated incidents of unconstitutional activity occurred.   Plaintiff must prove a pattern of

similar unconstitutional activity by untrained employees to establish that the County was on notice that its training in a particular respect was deficient.  Without notice that a specific course of training is deficient, policy-makers cannot have made a deliberate and conscious choice to allow the continued violation of the constitutional rights of its citizens.

To recover on his claim against Oklahoma County for inadequate training, plaintiff bears the burden of proving the following elements by a preponderance of the evidence:

First:       The existence of specific inadequacies in the way Oklahoma
             County trained its employees in the area of recognizing the
             serious nature of an inmate's medical condition;

Second:      Policy-making officials knew that more and/or different
             training was needed to avoid the recurring failure to recognize
             serious medical needs of inmates, or that the need for more
             and/or different training was obvious to policy-making
             officials to avoid the recurring failure to recognize serious
             medical needs of inmates; and

Third:       The County's failure to provide adequate training was the
             direct cause of the violation of plaintiff's constitutional right
             to receive access to reasonable and appropriate medical care.

The Court has determined that Oklahoma County's policy makers, within the meaning of this instruction, were  Sheriff John Whetsel and the Oklahoma County Board of County Commissioners.

If you find that plaintiff has failed to prove one or more of these elements by a preponderance of the, you must return a verdict in favor of Oklahoma County.

_____
**UNITED STATES DISTRICT JUDGE**

Given          _____
Refused        _____
Modified       _____

Authority:     *Connick v. Thompson*, 131 S.Ct. 1350 (2011); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997); *Canton v. Harris*, 489 U.S. 378, 387-88 (1989) ;*Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996);*Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) ; Okla. Stat. tit. 25, §§ 5, 6

DEFENDANT'S REQUESTED INSTRUCTION NO. **40**

## CLOSING INSTRUCTIONS

When you retire you should elect one man or woman as your foreman.  That person will preside over the deliberations and speak for you with the Court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  You must not use any method of chance in arriving at your verdict.Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

Forms of possible verdicts will be sent to the jury room with you, along with these written instructions of the Court.  I suggest you study the verdict form early in your deliberations so you know what you must decide.  All of you must agree on each verdict. When you do, the foreman will sign the verdict.  Notify the bailiff when you have arrived at a verdict so that you may return it in open court.

If it becomes necessary during your deliberation to communicate with me, you may send a note through the bailiff signed by your foreman.  In the message do not tell me how you stand on your verdict.  No member of the jury should ever attempt to communicate with me except by a signed writing.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused     _____
Modified    _____

DEFENDANT'S REQUESTED INSTRUCTION NO. **41**

**SPECIAL INTERROGATORIES  TO THE JURY**

Do you find from a preponderance of the evidence:


1.1   That the Charles Holdstock's constitutional right to reasonable medical care was violated by the deliberately indifferent acts or omissions of any Oklahoma County officer or employee?

Answer Yes or No : _____._

1.2   That the Charles Holdstock's constitutional right to reasonable medical care was violated by the deliberately indifferent acts or omissions of any sheriff, detention officer or  jail staff?

Answer Yes or No : _____.

1.3   That the Charles Holdstock's constitutional right to reasonable medical care was violated by the deliberately indifferent acts or omissions of any of the medical professionals employed by the County's healthcare contractor, CHMO?

Answer Yes or No : _____.


_____   __

*(Note: If you answered No to any part of Question No. 1, you need not answer the remaining questions; If you answered Yes to Question 1, proceed to Question 2.1, 2.2 and 2.3 below.)*

2.1     That the Board of Oklahoma County Commissioners had a long-standing

custom, policy, or practice in Oklahoma County that was deliberately

indifferent to the serious medical needs of Charles Holdstock.

Answer Yes or No : _____._____

2.2     That Sheriff Whetsel, in his official capacity, had a long-standing custom,

policy, or practice in Oklahoma County that was deliberately indifferent to

the serious medical needs of Charles Holdstock.

Answer Yes or No : _____.___

_____

2.3     That contracted medical healthcare provider of the County, CHMO had a long-

standing custom, policy, or practice in Oklahoma County that was deliberately

indifferent to the serious medical needs of Charles Holdstock.

Answer Yes or No : _____.

**(Note: If you answered No to any part of Question No. 2, you need not answer the
remaining questions; If you answered Yes to any part of Question 2, proceed to
Question 3.1, 3.2 and 3.3. below.)**

3.1     That the custom or policy of the Board of Oklahoma County Commissioners was

the proximate and direct cause of the death of Charles Holdstock?

Answer Yes or No _____.

____

3.2     The custom or policy of the County Sheriff, John Whetsel, in his official capacity,

was the proximate and direct cause of the death of Charles Holdstock?

Answer Yes or No _____.____

3.3     The custom or policy of the CHMO, the County's contracted medical healthcare

provider,  was the proximate and direct cause of the death of Charles Holdstock?

Answer Yes or No _____.____

___   (*Note: If you answered No to any part of Question No. 3, you need not answer the remaining questions; If you answered Yes to any part of Question 3, proceed to Question 4 below.*)

1.   That the Plaintiff should be awarded the damages to compensate for physical and

emotional pain and mental anguish of Charles Holdstock?

Answer Yes or No _____. _____

If  you  answered  Yes,  in  what  amount  do  you  feel  Plaintiff  should  be

compensated for the injury sustained? $_____.

(*Note:  If you have awarded damages to the Plaintiff, you may, but are not required to apportion the damages to each based  upon who you feel should pay what portion of the above referenced damages.  If you do not apportion the damage award by assigning a percentage or portion of the damages, all Defendants will be determined to be 100% liable for the damage amount awarded*):

Board of Oklahoma County Commissioners:  _____% or $ _____.

Oklahoma County Sheriff John Whetsel:  _____% or $ _____.

CHMO, the medical healthcare provider:  _____% or $ _____.

____ _

SO SAY WE ALL.
_____

*Foreperson:* _____. *Dated:* _____.

_____
**UNITED STATES DISTRICT JUDGE**


Given          _____
Refused        _____
Modified       _____


*Authority*: Adapted from West Federal Jury Practice and Instructions Forms §106:03 (August 2013); See *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir.1997); *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty*., 996 F.2d 1035, 1041 (10th Cir. 1993); *Pain v. Sims,* 283 P.3d 343, 345 -346 (Okla. Civ. App. 2012). 12 O.S. §832.

DEFENDANT'S REQUESTED INSTRUCTION NO. **42**

**VERDICT FORM: ONE PLAINTIFF, MULTIPLE DEFENDANTS, ONE INJURY**

| Note: | Complete this form by writing in the names required by your verdict. |
|-------|--------------------------------------------------------------------|

On Plaintiff April Layton's claim against defendants **Board of Oklahoma County Commissioners**, we find in favor of:

| | |
|---|---|
| *Circle One* | *Plaintiff (April Layton, Executor of the Estate of Charles Holdsotck* or *Defendant (Board of Oklahoma County Commissioners)* |

On plaintiff April Layton's claim against Defendant **Sheriff John Whetsel**, as submitted, we find in favor of:

| | |
|---|---|
| *Circle One* | *Plaintiff (April Layton, Executor of the Estate of Charles Holdsotck* or *Defendant (Sheriff Whetsel in his official capacity as Sheriff of Oklahoma County)* |

On plaintiff April Layton's claim against ghost tortfeasor, **Correctional Healthcare Management of Oklahoma [CHMO]**, we find in favor of:

| | |
|---|---|
| *Circle One* | *Plaintiff (April Layton, Executor of the Estate of Charles Holdsotck* or *Ghost Tortfeasor (Correctional Healthcare Management of Oklahoma, CHMO)* |

| Note: | Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff. |
|-------|-----|

We find Plaintiff is entitled to damages in the amount of : $_____ (state

the amount or, if none, write the word "none." If you find that the plaintiff's damages

have no monetary value, state the nominal amount of $1.00).

We find each Defendant or ghost tortfeasor should be responsible for paying the

following percentage and/or amount of the above damage award:

$_____ or _____%     attributed to **Board of Oklahoma County Commissioners and Sheriff John Whetsel**

$_____ or _____%     **Correctional Healthcare Management of Oklahoma [CHMO]**

$_____ or _____%     attributed to **Sheriff John Whetsel**

| Note: | You may not award punitive damages against any government defendant. |
|-------|-----|

_____
                                                           Foreperson

Dated: _____

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused     _____
Modified    _____

Authority:

Federal Jury Practice and Instructions Forms, §166.71, West (August 2013 CD)See 42 U.S.C.A. §1983; 8th Cir. Civil Jury Instr. §4.80 (2013); *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, 107 P.3d 595; *PFL Life Ins. Co. v. Franklin*, 1998 OK 32, n. 22, 958 P.2d 156, 164; 12 O.S. §832.

DEFENDANT'S REQUESTED INSTRUCTION NO. **43**

## VERDICT FORM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| APRIL LAYTON, as personal | ) | |
| Representative of the Estate of | ) | |
| Charles Holdstock, deceased, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-2009-1208-C |
| | ) | |
| CORRECTIONAL HEALTHCARE | ) | |
| MANAGEMENT OF OKLAHOMA, INC., a | ) | |
| Corporation; OKLAHOMA COUNTY | ) | |
| BOARD OF COUNTY COMMISSIONERS, | ) | |
| And SHERIFF JOHNWHETSEL, in his | ) | |
| Official capacity, | ) | |
| Defendants. | ) | |
| | ) | |

## <u>VERDICT FORM</u>

We, the jury, find the issues in favor of Defendants, Board of County Commissioners of Oklahoma County and Sheriff John Whetesel in his official capacity.

_____   _____   _____
Foreperson


_____   _____   _____


_____   _____   _____

DATE: _____, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

Given        _____
Refused      _____
Modified     _____