## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APRIL LAYTON, as personal representative of the Estate of CHARLES HOLDSTOCK, deceased, et al, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:    CIV-09-1208-C |
| | ) | |
| CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC., a corporation, THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, a political subdivision of the State of Oklahoma, and JOHN WHETSEL, in his capacity as Sheriff of Oklahoma County, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS BOCC AND SHERIFF JOHN WHETSEL'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS [DOC. #188]

COMES NOW, the Defendants, Board of Oklahoma County Commissioners and Sheriff John Whetsel, in his official capacity, and in response to Plaintiff's Requested Jury Instructions filed on November 18, 2013 [Doc.#187] states and submits the following objections:

### AGREED INSTRUCTIONS

Defendants have no objection and adopts the Plaintiff's Proposed Jury Instructions Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 20, 21, 24, 34, 39, 40, 44.

### OPPOSED INSTRUCTIONS

Defendants object to the instructions 7, 12, 16, 17, 18, 19, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 41, 42, 43, 45, 46, 47, and 48 of Plaintiff's Proposed Jury Instructions [Doc.#188] as follows:

   1.   **Objection to Plaintiff's Proposed Jury Instruction No. 7.**

 This instruction lists April Layton, Valerie Winfrey and Melanie Hufnagel individually as plaintiffs, which is not accurate or correct.  Per this Court's Order dated October 4, 2013, all state tort claims have been dismissed and therefore, these individuals are no longer Plaintiffs. See [Doc.#164].  Jury instructions identifying them as Plaintiffs entitled to damages should be excluded .  Additionally, this instruction states that Sheriff John Whetsel is in this case in his individual capacity as a Defendant, which is not accurate. As pointed out in Plaintiff's favorable Order Reversing Summary Judgment issued by the Tenth Circuit on March 12, 2013 [Doc.#133, p.2], Plaintiffs only appealed the granting of summary judgment to Sheriff Whetsel in his official capacity.   As such, the order granting summary judgment to Sheriff Whetsel in his individual capacity was not timely appealed and Sheriff Whetsel in his individual capacity is not a Defendant in this case. All references in all jury instructions to Sheriff Whetsel in his individual capacity or seeking damages against Sheriff Whetsel individually should be disallowed. Additionally, the jury instruction does not accurately identify the only remaining Section 1983 claim in this case to be tried is the Section 1983 municipal liability claim, which is based upon custom and policy.   There is no mention of custom and policy in this instruction and therefore, it is not accurate.   Defendants object to the phrase "proper

medical care" because that is not the constitutional standard.   Pre-trial detainees are entitled to "reasonable medical care."

Alternatively, in lieu of Plaintiff's Proposed Jury Instruction #7, Defendants specifically request the Court to adopt Defendant's Proposed Jury Instruction # 17 as a better alternative that is a more accurate statement of the law, the parties, the claims and defenses in this case and is better supported by case law and authority.   [Doc.#192, Instruction 17].

**2.   Objection to Plaintiff's Proposed Jury Instruction No. 12.**

This jury instruction, while technically accurate, is somewhat misleading by using the phrase "the burden of proving a fact is upon the party whose claim, or defense depends on that fact."   In this case, the burden of proof is on the plaintiff to prove all elements of her Section 1983 Claim.   By making reference to Defendants possibly having a burden of proof is confusing to the jury and could be more accurately phrased or stated.

Alternatively, in lieu of Plaintiff's Proposed Jury Instruction #12, Defendants specifically request the Court to adopt Defendant's Proposed Jury Instruction #19 as a better alternative that is a more accurate statement of the law regarding what the burden of proof is and who bears the burden of proof in this case .   [Doc.#192, Instruction 19].

**3.   Objection to Plaintiff's Proposed Jury Instruction No. 16.**

This jury instruction is not an appropriate because this case involves only a claim of municipal liability under Section 1983.   This instruction does not mention custom or policy and therefore is not accurate with regard to what the jury needs to determine in this

case.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986); *Gates v. Unified Sch. Dist.*, 996 F.2d 1035, 1041 (10th Cir. 1993); *Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995); *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008).

Additionally, this instruction is not accurate because pretrial detainees are entitled to be provided "reasonable medical care" for their serious medical needs. The term "proper medical care" is not the appropriate constitutional standard.  See *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013); *Coffey v. McKinley,* 504 Fed.Appx. 715, 718 (10th Cir. 2012); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997); *Meade v. Grubbs*, 841 F.2d 1512, 1517 (10th Cir. 1988); *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

This instruction also requests or mentions the award of punitive damages. However, the only remaining Defendants in this litigation are the municipal entities, BOCC and Sheriff Whetsel, in is official capacity.  Punitive damages cannot be awarded or assessed against a municipality.  *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).

Alternatively, in lieu of Plaintiff's Proposed Jury Instruction #16, Defendants specifically request the Court to adopt Defendant's Proposed Jury Instructions #20, 21,23, and 32 as a better alternatives because they contain a more accurate statement of the law regarding on the Section 1983 Custom and Policy Claim and the prohibition

against assess punitive damages upon governmental entities.  [Doc.#192, Instructions 20, 21, 23 & 32].

### 4.  Objection to Plaintiff's Proposed Jury Instruction No. 17

The court dicta contained in the last two sentenced of this jury instruction is objectionable and improper.  Not only is this purported of Section 1983 to deter future other Constitutional deprivations inaccurate, it is dicta not expressly found in the statute so its inclusion is misleading.  It also specifically goes against all of the uniform jury instructions available and on point with regard to the purpose of damages, assessment of damages and the need to avoid speculation with regard to damages.

Alternatively, in lieu of Plaintiff's Proposed Jury Instruction #17, Defendants specifically request the Court to adopt Defendant's Proposed Jury Instructions #20 as a better alternatives because they contain a more accurate statement of the law regarding Section 1983.  [Doc.#192, Instruction No. 20].

### 5.  Objection to Plaintiff's Proposed Jury Instruction No. 18

This instruction is almost accurate but is objectionable simply because to establish constitutional liability upon the municipality you must, in addition to (1) and (2) stated in the instruction, demonstrate that there is a causal connection between the established policy and the injury.  *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013); *Coffey v. McKinley* 504 Fed.Appx. 715, 718 (10th Cir. 2012); 42 U.S.C. § 1983; Restatement (Second) of Torts §§430 to 461; Prosser & Keeton, Law of Torts §§41 to 45; West Federal Jury Practice and Instructions §168.42 (August 2013).

Alternatively, in lieu of Plaintiff's Proposed Jury Instruction #18, Defendants specifically request the Court to adopt Defendant's Proposed Jury Instructions #23, 25, 26 as a better alternatives because they contain a more accurate statement of the law regarding Section 1983.  [Doc.#192, Instructions 23,25, & 26].

**6.    Objection to Plaintiff's Proposed Jury Instruction No. 19**

This instruction is objectionable because it does not clearly establish the criteria for custom or policy or clearly establish that there has to be a causal link between the custom or policy and the constitutional injury.  See *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013).  This instruction refers to "defendant prison officials."   However, there are no named "prison officials" that Plaintiffs claim provided constitutionally deficient medical care to Plaintiff.  Plaintiff's only remaining claim is a municipal liability claim.  This is a deliberate indifference Section 1983 claim written for claims against individual prison officials that the Plaintiffs have attempted to morph into a municipality claim but in doing so, misstates the elements and the identification of the actual Defendants.

The second paragraph of the instruction states: "In order to prove a violation . . . , Plaintiffs must show that the defendant prison officials *unnecessarily inflicted* harm on Holdstock."   This is not the constitutional standard.   Additionally, the Third prong contains a typo graphical error and should state in line 3 "failed to allow Holdstock to obtain" rather than "failure to allow Holdstock to obtain.; the Fourth Element needs to actually contain reference to "custom and policy", not just "pattern of practice."

Additionally, the phrases "died as a result of deliberate indifference *and* pattern and practice" is not an accurate statement of the law.  "[I]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); See *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013) [Doc.#133, p. 13].  Because this is only a Section 1983 municipal liability case, this instruction is not clear that the state actors who are found deliberately indifferent to Holdstock's medical needs must be doing so because of an established custom or policy.

Alternatively, in lieu of Plaintiff's Proposed Jury Instruction #19, Defendants specifically request the Court to adopt Defendant's Proposed Jury Instructions #21, 23. and specifically Defendant's Proposed Jury Instruction #25 as a better alternatives because they contain a more accurate statement of the law regarding Section 1983 municipal liability.  [Doc.#192, Instructions 21, 23, & 25].

### 7.  <u>Objection to Plaintiff's Proposed Jury Instruction No. 22</u>

This instruction on deliberate indifference is not complete and  does not include or address the applicable standard for establishing liability requires proof of both a showing that:  (1) an officer deprive Mr. Holdstock of a constitutional right; and (2) that a County policy or custom was the moving force behind the constitutional deprivation.  *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013) [Tenth Cir. Order, Doc.#133, p. 13].  This instruction satisfies the first prong with regard to deliberate indifference of the underlying officer but does not address the

deliberate indifference element required for liability that a custom or policy existed that actually led to the constitutional violation by the officer. "[I]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). [Tenth Cir. Order, Doc.#133, p. 13].

Therefore, this instruction is improper and will confuse the jury as to its duty because it requests them to find against the Defendant after meeting only part of the elements necessary for establishing liability against the Defendants, (*ie* an officer's deliberate indifference). Defendants have included a definition of "deliberate indifference" that is neutral as to the kind of Section 1983 case. Defendant's Proposed Jury Instructions [Doc.#192, Instruction 24]. Additionally, Defendants have included a proper instruction about finding deliberate indifference as it is applied to these Defendants address both elements, including the establishment of the custom or policy. Defendant's Proposed Jury Instructions [Doc.#192, Instruction 23]. *See Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013) [Tenth Cir. Order, Doc.#133, p. 1]3]. Because Plaintiff's Instruction #22 does not link the deliberate indifference element for municipal liability to the establishment of custom or policy which is required in such municipal liability cases, it is not accurate and should be disapproved. This Court should consider the use of Defendant's Proposed Jury Instruction # 25 instead as it incorporates almost identically the deliberate indifference language of this instruction within the appropriate context of establishing a municipal liability Section 1983 claim.

### 8.   Objection to Plaintiff's Proposed Jury Instruction No. 23

This instruction is objectionable because it is not an accurate statement of the law and does not appear to be based upon any authority for its inclusion as a jury instruction in this case.  This , like Plaintiff's Instruction #22 does not accurately address the custom and policy requirements that must be established and also does not accurate state that the death of Mr. Holdstock must be "proximately caused" by custom or policy as required by *See Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013) [Doc.#133, p. 13].   Instead, Plaintiffs want to incorrectly inform the jury that Holdstock's death only needs to be caused "in part" by the deficient medical care provided, which is not the constitutional standard.  Defendant's Proposed Jury Instructions [Doc.#192, Instruction 23] is more accurate with regard to showing all of the factors necessary for the jury to find for the Plaintiff by including a definition of deliberate indifference to serious medical needs that is accurate based upon underlying case law and that clearly makes the jury aware that they have to find a custom or policy that was the moving force behind the constitutional violation.

### 9.   Objection to Plaintiff's Proposed Jury Instruction No. 25

This definition is very similar to Defendant's own and is only slightly objectionable and could be adopted by Defendants with only minor changes.  Clearly, a merging of the Plaintiff's and the Defendants instructions on this issue would be an acceptable alternative. First, it contains a typographical error in the first line and instead of "substantial risk o" it should say "substantial risk to."  Because Defendant's Proposed Jury Instruction # 24 is somewhat of a more helpful because it also informs the jury that

medical malpractice does not constitute deliberate indifference, which is a significant factor for the jury to be advised in this case.   Defendants would urge the court to include the phrase "medical malpractice" in the last sentence as well in instructing the jury as to what does not constitute deliberate indifference.  With these suggested modifications, this instruction would be acceptable to the Defendants for admission.

## 10. Objection to Plaintiff's Proposed Jury Instruction No. 26

The Plaintiff's instruction on Specific Intent Not Required is not complete and does not include or address the applicable standard in a custom or policy municipal liability Section 1983 case.  To establish a custom or policy claim against a municipality, such as the County, it requires a showing that:  (1) an officer deprive Mr. Holdstock of a constitutional right; and (2) that a County policy or custom was the moving force behind the constitutional deprivation.   *Layton v. Board of County Com'rs of Oklahoma County*, 512 Fed. Appx. 861, 867-68 (10th Cir. 2013) [Doc.#133, p. 13].   This instruction satisfies the first prong with regard to specific intent but does not clearly indicate anywhere that the liability is found against a governmental entity in Section 1983 cases only when there is a finding that the custom or policy was established that caused the constitutional rights violations.  The Instruction is clearly wrong in that it simply states liability can be found solely by finding Mr. Holdstock was not provided proper or adequate medical care.  "[I]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)) See *Layton v. BOCC* [Tenth Cir. Order, Doc.#133, p. 13]. Additionally, "proper medical care" is not the constitutional standard.  Therefore,

this instruction is improper and will confuse the jury as the elements required by the Plaintiff to prove her case.

**11. <u>Objection to Plaintiff's Proposed Jury Instruction No. 28</u>**

No life expectancy tables have been included in Plaintiff's exhibits lists or exhibits exchanged in discovery. Any admission of such a table is and will be objected to at trial on this basis because it was not turned over in discovery, listed an exhibit in the Final Witness and Exhibit List filed with the Court and that such documentation would be irrelevant, prejudicial and constitute hearsay. Additionally, no medical expert of the Plaintiff or any other witness deposed has testified as to this unknown "life expectancy" table. As such, the evidence should not be admissible and a jury instruction on such evidence should be excluded.

**12. <u>Objection to Plaintiff's Proposed Jury Instruction No. 29</u>**

Who the final policy maker is for the purposes of county liability is a question of state law that is to be determined by the Court. *City of St. Louis v. Praprotnick,* 485 U.S. 112, 124, 108 S.CT. 915, 99 L.Ed. 2d 107 (1988). It is for the trial judge to identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737-738, 109 S.Ct. 2702, 2724 (U.S.Tex.,1989) The final policy maker can only be determined once the policy is actually identified. Plaintiffs have yet to identify the policy or custom that was the direct or proximate cause of the constitutional violation or if they intend to produce multiple policy violations from multiple policy makers. As

such, it is difficult to define "policy maker" for as the "Sheriff" since the Sheriff in this case contractually delegated all final policy making authority to CHMO as detailed in Defendant's trial brief filed with the Court.  [Defendant's Trial Brief Doc.#191].

This instruction is objectionable simply because it is not factually accurate as to the actual policy maker. This instruction states that Sheriff John Whetsel is the final policy maker with regard to the Oklahoma County Jail.  This instruction inaccurate and misleading without further information as to what policy and whose policy Plaintiffs are asserting violated Charles Holdstock's constitutional rights.  While the Sheriff makes all county jail policy, requesting bids and approving the medical healthcare contract are final decisions made by the Oklahoma County Board of County Commissioners, who also pay the medical contract provider.   Also, CHMO was the delegated county policy maker for healthcare decisions at the jail.  The proposed instruction should not be given and at a minimum this instruction modified to correctly list the final policy maker as decided by this court as a matter of law based upon Oklahoma State Statute.

### 13. Objection to Plaintiff's Proposed Jury Instruction No. 30

Plaintiff's proposed instruction #30 is objectionable due to some inaccuracies of language contained therein.  First, the instruction separates out the Sheriff's Department from the Sheriff as listed Defendants.  This is not accurate as the Sheriff in his individual capacity is not a party and only the Sheriff in his official capacity is a remaining Defendant.  As pointed out in Plaintiff's favorable Order Reversing Summary Judgment issued by the Tenth Circuit in this case on March 12, 2013 [Doc.#133, p.2], Plaintiffs only appealed the granting of summary judgment to Sheriff Whetsel in his official

capacity.    As such, the order granting summary judgment to Sheriff Whetsel in his individual capacity was not timely appealed and Sheriff Whetsel in his individual capacity is not a Defendant in this case. All references in this jury instruction to Sheriff Whetsel in his individual capacity or seeking damages against Sheriff Whetsel individually should be disallowed.   Additionally, there are typographical errors that need to be corrected so the instruction can be read appropriately.   In line 7, it states "Liability may be for unconstitutional customs or policies."   It should be corrected to read "Liability may be *found* for unconstitutional customs or policies."    Line 7 and 8 eight state "The policy or custom not be formal or in writing."  This fragment sentenced should be changed to "The police or custom does not need to be formal or in writing." Finally, in the last paragraph of this instruction it  states "When a person's Constitutional rights are violated as a result of a government's custom, or decision, the political subdivision itself is responsible for the injury that it caused."   This is not an accurate statement of the law and instead, this sentenced should be changed to state: "When a person's Constitutional rights are violated as a result of a government's custom, or *policy*, the political subdivision itself is responsible for the injury that *is caused by the custom or policy*." Defendants object to the submission of this instruction to the jury but proposes the above listed modifications to satisfy the objection.

## 14. Objection to Plaintiff's Proposed Jury Instruction No. 31

This instruction is objected to and should not be given as written.  As set forth above in Defendant's Objection to Plaintiff's Proposed Jury Instruction No. 29, the definition of the Sheriff as the final policymaker for Oklahoma County Jail at all relevant

times is an issue that is in dispute and yet to be determined since the final decision

making authority for healthcare decisions was delegated to CHMO by contract.   See

Defendant's Trial Brief [Doc.#192]. While this instruction is trying to address this, it

does so very clumsily and by misleading this court regarding the holding of *City of St.

Louis.*

The concept of "ratification" contained within this instruction is an improper

instruction for the purposes of Section 1983 municipal liability because it is akin to

imposing respondeat superior liability for another state actor's actions.   However, there is

no concept of respondeat superior in Section 1983 litigation.   See *Fresquez v.

Minks.* 2013 WL 452292, at *8 (Dist. Colo. Feb. 6, 2013); "Neither a municipality nor an

entity such as CHM, which is the functional equivalent of a municipality (see Section

(C)(2) *infra* ), can be liable under § 1983 without a predicate constitutional harm inflicted

by its officer" *Id. Jiron v. City of Lakewood,* 392 F.3d 410, 419 (10th Cir.2004) ( *citing

City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)); *see also Olsen v. Layton Hills

Mall,* 312 F.3d 1304, 1317–18 (10th Cir.2002) ("We will not hold a municipality liable

[for constitutional violations] when there was no underlying constitutional violation by

any of its officers").

The Supreme Court in *City of St. Louis* held that:

> [M]unicipalities may be held liable under § 1983 only for acts for
> which the municipality itself is actually responsible, 'that is, acts which the
> municipality has officially sanctioned or ordered.' *Id.,* 475 U.S., at 480, 106
> S.Ct., at 1298. Second, only those municipal officials who have 'final
> policymaking authority' may by their actions subject the government to §
> 1983 liability. *Id.,* at 483, 106 S.Ct., at 1300 (plurality opinion). Third,
> whether a particular official has "final policymaking authority" is a

question of *state law. Ibid.* (plurality opinion). Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the city's business. *Id.,* at 482–483, and n. 12, 106 S.Ct., at 1299–1300, and n. 12 (plurality opinion);

*City of St. Louis v. Praprotnik,* 485 U.S. 112, 123-124, 108 S.Ct. 915, 924 (1988). The city cannot be held liable under § 1983 unless respondent proved the existence of an unconstitutional municipal policy. *Id.* at 128.

Plaintiffs misquoting the holding of *City of St. Louis* because this case does not stand for a proposition that an isolated decision can and does serve as the basis for custom or policy. Instead, this case simply addresses when a subordinate's decision can and should be considered the decision of the policy maker. The Supreme Court's actual quote is this:

> When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality. Similarly, when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

*City of St. Louis v. Praprotnik,* 485 U.S. 112, 127-128, 108 S.Ct. 915, 926 (U.S.Mo.,1988). As written, this instruction seems to indicate that any one decision of CHMO could establish liability of the County, which is not accurate or in keeping with a custom or policy theory of liability. Furthermore, under municipal liability it is the "custom or policy" that is binding and it is improper to

state that if the jury finds CHMO violated Holdstock's constitutional rights, which means the County is liable under a municipal liability theory.  To be correct, the only way CHMO, as a final policy maker, can bind the County is if CHMO had a custom or policy that violated Holdstock's constitutional rights, not merely that CHMO officers or employees violated his rights by their actions.

A better instruction could be crafted from the Tenth Circuit's Order in this case states [Doc.#133].  The Tenth Court stated that "[f]or purposes of municipal liability, in addition to establishing a violation of Mr. Holdstock's constitutional rights, Appellants must also show 'that the county or its authorized decision maker 'intentionally deprived [Mr. Holdstock] of a federally protected right' *through its unconstitutional policy.' Lopez*, 172 F.3d at 763 (*emphasis added*) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397,405 (1997))." See [Tenth Cir. Order, Doc.#133, p.20].

Because this instruction tries to impose municipal liability for a single decision of CHMO and/or tries to impose liability on the county for any acts by CHMO that would violate Holdstock's constitutional rights rather than a policy of CHMO that violates rights, this instruction is a misstatement of the law, improper, misleading and should not be given.

### 15. Objection to Plaintiff's Proposed Jury Instruction No. 32

Plaintiff's proposed instruction #32 is objectionable because it is attempting to impose liability on Sheriff John Whetsel individually.  As such, it must be stricken and not give to the jury because the Sheriff in his individual capacity is not a party to this

litigation.  Per the Tenth Circuit's Order and the Order of his Court granting summary judgment to Sheriff, Whetsel in his individual capacity, only the Sheriff in his official capacity is left as a remaining Defendant.  As pointed out in Plaintiff's favorable Order Reversing Summary Judgment issued by the Tenth Circuit in this case on March 12, 2013 [Doc.#133, p.2], Plaintiffs only appealed the granting of summary judgment to Sheriff Whetsel in his official capacity.    The order granting summary judgment to Sheriff Whetsel in his individual capacity was not timely appealed.  As such, Sheriff Whetsel in his individual capacity is not a Defendant in this case. This jury instruction should not be given at all because it seeks to impose liability upon Sheriff Whetsel in his individual capacity.

### 16. **Objection to Plaintiff's Proposed Jury Instruction No. 33**

The Defendants object that is necessary to instruct the jury with regard to the Sheriff's statutory duty to provide medical care.  That duty is established by the Constitution and Case law as set forth in other jury instructions and imposing this state statutory duty, which is not evidence of a constitutional duty, is duplicative and unnecessarily confusing.

To the extent that the Court agrees that this instruction should be given, Defendants simply respectfully request that the full text of the statute be used rather than Plaintiff's selective paraphrasing.   If given, the instruction should read as follows:

**Sheriff  to  Provide  Board  and  Necessary  Articles  -  Compensation**

It shall be the duty of the sheriff of each county to provide bed clothing, washing, board and medical care when required, and all necessities for the comfort and welfare of prisoners as specified by the standards promulgated pursuant to Section 192 of Title 74 of the Oklahoma Statutes and he shall be allowed such compensation for services required by the provisions of Sections 41 through 64 of this title, as may be prescribed by the county commissioners. All purchases made pursuant to the provisions of this section shall be made pursuant to the purchasing procedures specified in Sections 1500 through 1505 of Title 19 of the Oklahoma Statutes, including the use of blanket purchase orders as provided for in Section 310.8 of Title 62 of the Oklahoma Statutes.

**17. <u>Objection to Plaintiff's Proposed Jury Instruction No. 35</u>**

Defendants object to Plaintiff's Proposed Jury Instruction No. 35 as simply being less complete and less accurate than Defendants Proposed Jury Instructions No. 25 and urges this Court to instead adopt Defendant's Proposed Jury Instruction No.25.   See [Doc.#192].

**18. <u>Objection to Plaintiff's Proposed Jury Instruction No. 36</u>**

Defendants have no objection to paragraph one of this instruction.  However, the rest of the instruction is objectionable as being inaccurate.  Although a quote from the Tenth Circuit Order in this case [Doc.#133], Defendants take issue with the phrase "know or should know has failed to prevent *tortious* conduct" as being the appropriate standard for establishing a constitutional claim under a municipal theory of liability.  The use of the word "tortious" is inaccurate and would seem to indicate that failing to prevent malpractice could create liability upon the County when in fact, the controlling case law clearly states that medical malpractice in Eighth Amendment cases does not rise to the level of deliberate indifference necessary to establish a constitutional violation. Defendants suggest striking the second paragraph altogether.  Alternatively, if given

instead of "tortious conduct" it should state "unconstitutional conduct" to be accurate and in keeping with the correct standards for liability which require an underlying constitutional violation, not just underlying tortious conduct.

### 19. <u>Objection to Plaintiff's Proposed Jury Instruction No. 37</u>

Defendants object to Plaintiff's Proposed Jury Instruction No. 37 because it is inaccurate and less complete and less accurate than Defendants Proposed Jury Instructions No. 26 and No. 30 and urges this Court to instead adopt Defendant's Proposed Instructions.  See [Doc.#192, No. 26 & No. 30].

### 20. <u>Objection to Plaintiff's Proposed Jury Instruction No. 38</u>

This instruction is improper and should not be given.  In order to preserve Defendant's rights to setoff and/or contribution, the consideration of CHMO's liability to the jury must be presented.  Defendants specifically incorporate herein  their arguments contained within Defendants Trial Brief, [Doc.# 191]. Specifically, this instruction is objectionable because the Oklahoma Supreme Court's decision in *Nichols v. Mid-Continent Pipe Line Co.,* 1996 OK 118, 933 P.2d 272 held that in order for a non-settling defendant to pursue a § 832(H) credit, the non-settling defendant is required to press and submit the settling defendant's liability to the jury during trial and have the jury assess the settling defendant's "ghost tortfeasor" liability. *Id* at 280.  The Court further explained that "A judgment debtor's § 832(H) claim to settlement proceeds' credit is conditioned upon the settling party's liability in tort for the same injury." *Id.*

The *Nichols* rule has since been recognized in *Capshaw v. Gulf Ins. Co.,* 2005 OK 5, 107 P.3d 595, in which the Oklahoma Supreme Court, citing *Nichols,* declared that a pretrial settlement could not be used as a credit against the plaintiff's eventual recovery against remaining, non-settling defendants where the settling defendant's liability was not submitted to the jury. *Id. at* ¶ 13, 107 P.3d at 603. The Court explained this was because the non-settling defendant has the "power to preserve its claim for this credit by either a pre-submission exception to the blank verdict form or a post-submission exception when the verdict was returned." *Id. See also Pain v. Sims,* 283 P.3d at 345 -346.

In this case, in order to preserve and have the right to contribution pursuant to 12 O.S. §832(H), the issue of CHMO's liability must be presented to the jury to assess CHMO's liability and therefore objects to the exclusion of non-named Defendants from being considered in determining damages for the reasons set forth herein and in the Trial Brief on file with the Court.  [Doc.#191].

## 21. <u>Objection to Plaintiff's Proposed Jury Instruction No. 39</u>

Defendants object to the instruction because it does not clearly state when Defendants may be held liable.  Instead of "If you find that Charles Holdstock's Constitutional Rights were violated by the Defendants, then you shall use" this Instruction should be modified to state "If you find that Charles Holdstock's Constitutional Rights were violated due to a custom or policy of the Defendants."  This modification will more accurately depict that the liability attributed to the Defendants is for its municipal custom or policy.

## 22. Objection to Plaintiff's Proposed Jury Instruction No.41

Defendants object to Plaintiff's Proposed Jury Instruction No. 41 because it is inaccurate with regard to the kind of damages that can be claimed by Plaintiff in a Section 1983 wrongful death lawsuit. Section 1983 allows recover of damages suffered by the victim of the constitutional violation but does not allow damages to family members or others. Therefore, grief of the Holdstock children are not compensable under Section 1983. In keeping with this premise, the loss of companionship and parental care training, etc. that would be forthcoming from Charles Holdstock to his children is not compensable in Section 1983 litigation. This statement of OUJI § 8.1 may be allowed in a state tort action for wrongful death but is not fully applicable in a Section 1983 case. Therefore, this instruction is not accurate or in keeping with the current federal case law.

Support for this position is clearly outlined in *Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990). Section 1983, which is derived from § 1 of the Civil Rights Act of 1871, creates a cause of action in favor of "the party injured" against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any ... person ... to the deprivation of any rights ... secured by the Constitution and laws." 42 U.S.C. § 1983; *Berry* at 1501. The Supreme Court's in *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) held :"We have repeatedly noted that 42 U.S.C. § 1983 creates 'a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution."

The 10th Circuit in *Berry* specifically held that not all remedies in the state tort wrongful death statute apply in Section 1983 litigation or fashion the appropriate remedy. *Id.* at 1506.   Berry also acknowledged that Oklahoma's Wrongful Death statute allows recovery of damages not contemplated or allowed under Section 1983:  "[b]ut, as we have noted, the [Oklahoma Wrongful Death] act permits recovery of the loss of consortium and grief of the surviving spouse, children, and parents, which Mark Berry could not have recovered had he lived." *Id.* at 1506.*(citations omitted).*   This indicates these damages are not proper in Section 1983.

*Berry* goes on to hold that "appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, loss of earnings based upon the probable duration of the victim's life had not the injury occurred, the victim's loss of consortium, and other damages recognized in common law tort actions." *Id.* at1506 - 1507.   *Berry* clearly holds that "[t]he remedy should be a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured.' 42 U.S.C. § 1983." *Id.* at 1507.   As such, only damages Charles Holdstock could recover had he lived are compensable under Section 1983, which excludes grief and loss of consortium claims of the surviving children.

It would be inappropriate to instruct the jury to award damages Plaintiffs and the Estate of Charles Holdstock would not be entitled to in light of *Berry v. City of Muskogee, Okla.,* 900 F.2d 1489, 1507 (10th Cir. 1990). Defendants instead urge the Court to modify this instruction in keeping with *Berry v. City of Muskogee, Okla.,* 900 F.2d 1489, 1507 (10th Cir. 1990) and strike "1.  The grief of the children of Charles

Holdstock;" from the instruction on damages.     Defendants also urge that No. 2 be modified state only:  "The loss of the companionship of his children suffered by Charles Holdstock."

### 24. Objection to Plaintiff's Proposed Jury Instruction No.42

Defendants object to Plaintiff's Proposed Jury Instruction No. 42 as including "loss of employment" as an intangible damage in this case.   Mr. Holdstock, prior to his confinement in County Jail, was a self-employed criminal defense attorney.  His tax returns would be evidence of his earnings and could be used to estimate future earnings. Therefore, the inclusion of "loss of employment" and an intangible injury is inappropriate.  Also Defendant objections to the "or needs to be introduced" phrase attached to the tail end of the first sentence.  This implies that the additional evidence after the jury is excused to deliberate "may be introduced" which is not accurate.

### 25. Objection to Plaintiff's Proposed Jury Instruction No.43

This is a wrongful death case Section 1983 case.  The injury is death so there is no need for an aggravated injury of pre-existing condition instruction that is applicable in state tort actions.  Its inclusion would be improper and unnecessarily confuse the jury.

### 26. Objection to Plaintiff's Proposed Jury Instruction No.45

This instruction requests the award of exemplary or punitive damages. However, the only remaining Defendants in this litigation are the municipal entities, BOCC and

Sheriff Whetsel, in is official capacity.  Punitive damages cannot be awarded or assessed against a municipality or its agents acting in their official capacity.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).

**27. Objection to Plaintiff's Proposed Jury Instruction No.46**

This Verdict Form of the Plaintiff's is objectionable because it contains a provision to find against Sheriff Whetsel in his individual capacity, which is not warranted since all claims against Whetsel in his individual capacity have been dismissed.  [Tenth Circuit Order, Doc.#133, p. 2].  This form is also objectionable because it does not include CHMO as a possible party that the jury could consider liable.  This form is objectionable because it uses the phrase "proper medical care" throughout when the correct constitutional standard is "reasonable medical care."  This form is objectionable because it fails to make a finding of deliberate indifference which is necessary to establish a constitutional violation.  This form is objectionable because it lists the daughters as all individual plaintiffs when all individual state tort claims have been dismissed and the only remaining defendant is April Layton, executor of the Estate of Charles Holdstock. This form is objectionable because it includes damages for the loss of grief and companionship of the daughters individually, which is not allowed in Section 1983 litigation. This form is objectionable because it uses "clear and convincing evidence" as the burden of proof" and attempts to assess a finding recklessness for the payment of punitive damages against the Defendants.  The only remaining Defendants are the

municipal authorities who cannot be held liable for punitive damages.  This form does not include CHMO in assessment of or award of damages as needed to preserve Defendant's rights to contribution and/or set off under the Oklahoma Contribution Among Tortfeasors Act.  See Trial Brief [Doc.#191].

Alternatively, the Defendants request that the Court adopt their Proposed Jury Instruction No. 41.  [Doc.192, Instruction 41].

### 28. Objection to Plaintiff's Proposed Jury Instruction No.47

This instruction requests the award of exemplary or punitive damages in contemplation that there will be a second stage of deliberations. However, the only remaining Defendants in this litigation are the municipal entities, BOCC and Sheriff Whetsel, in is official capacity.  Punitive damages cannot be awarded or assessed against a municipality or its agents acting in their official capacity.  *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).

### 29. Objection to Plaintiff's Proposed Jury Instruction No.48

This instruction is a requested verdict form in in contemplation that there will be a second stage of deliberations. However, the only remaining Defendants in this litigation are the municipal entities, BOCC and Sheriff Whetsel, in is official capacity.  Punitive damages cannot be awarded or assessed against a municipality or its agents acting in their official capacity.  *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).

### CONCLUSION

WHEREFORE, Defendants BOCC and Sheriff John Whetsel, in his official capacity, respectfully requests that the proposed jury instructions objected to above not be used at trial for the reasons set forth herein and that Defendants' proposed jury instructions contained in [Doc.#192] be used instead and for all other relief to which this Honorable Court deems this Defendant entitled.

Respectfully submitted,

BY:   /s/ Lisa Erickson Endres
      LISA ERICKSON ENDRES, OBA #16647
      ASSISTANT DISTRICT ATTORNEY
      320 Robert S. Kerr, Suite 500
      Oklahoma City, OK 73102
      Phone: (405) 713-1600
      Fax: (405) 713-1749

**CERTIFICATE OF MAILING**

This is to certify that a true and correct copy of the above and foregoing document was served on the following person by electronically transmitting the document to the Clerk of the Court for the Western District of Oklahoma using the ECF system for filing on the date of filing:

E.W. Keller
Keller, Keller, & Dalton
119 N. Robinson, Ste. 825
Oklahoma City, OK 73102
*Attorney for Plaintiffs*

/s/Lisa Erickson Endres