**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| APRIL LAYTON, as personal representative of the Estate of CHARLES HOLDSTOCK, deceased, et al, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:   CIV-09-1208-C |
| CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC., a corporation, THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, a political subdivision of the State of Oklahoma, and JOHN WHETSEL, individually and in his capacity as Sheriff of Oklahoma County, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OBJECTION TO PLAINTIFF'S COUNTER-DESIGNATION OF DEPOSITION TRANSCRIPT OF DR. KIM KLANKE AND DENFENDANT'S MOTION TO DESIGNATE ADDITIONAL PORTIONS OF DR. KLANKE'S TRANSCRIPT

COMES NOW, Defendants and objects to the inclusion of the following counter-designations of deposition record on the basis that such counter-designations are of the direct examination and the portions selected by Plaintiffs for counter-designation significantly alter or change the accuracy of the deposition testimony and remove portions of testimony that create meaningful context. The purpose of such counter-designations is not to alter what the deponent actually says.  As such, Defendants assert that it is impossible to designate and counter-designate the testimony by cutting portions of it out without altering the testimony and manipulating the testimony from what it actually represents.   Defendants respectfully request that the full video deposition

transcript of Dr. Klancke be admitted to prevent such misinterpretation of testimony that is created by the designations and counter designations. Alternatively, should the Court allow the count-designations of the Plaintiffs, Defendants specifically request to make additions to its own designations in order to ensure the portions of the testimony provided to the jury are an accurate depiction of what the expert actually testified to and not an artful edit to change context of his testimony. The objections/ additions are to the following counter-designations of the Plaintiff as follows:

| | |
|---|---|
| p. 14, ll. 7-12 | Defendant's assert if these lines of direct are allowed, lines 13-19 are also required to make testimony accurate and complete. |
| p. 24, ll.10-13 | Lines 14 & 15 are needed to complete testimony on the question. |
| p. 26, ll. 17-25 | If added, p. 27, ll. 1-7 need to be added to complete testimony on the question. |
| p. 45, ll. 14-22 | Cuts off rest of testimony so it is taken out of context; requires completion of the full testimony, p. 45, ll. 23-25, p. 46, l. 1 to complete the full testimony in context. |
| p. 85, ll. 20-24 | The meaning is changed unless p. 85, l. 25 and p. 86, ll. 1-4 are also included. |
| p. 91, ll. 13-18 | The meaning of testimony is changed unless rest of answer is provided at p. 91, ll. 19-25, p. 92, ll. 1-8. |
| p. 94, ll. 10-20 | The meaning of testimony is changed unless rest of answer is provided at p. 94, ll. 10-20) |
| p. 117,ll. 13-25 p.118,ll.1-9 | The meaning of testimony is changed unless rest of answer is provided at p. 117, ll. 3-12; 118, ll. 10-11. |
| p. 120, ll. 21-25 p. 121, ll. 1-7 | The meaning of testimony is changed unless given full context by adding p. 120, ll. 12-20. |

| | |
|---|---|
| p. 123, ll. 11-13 | Plaintiffs are attempting to add the last three lines of a 28 line answer without adding the question or the rest of the testimony; this should be stricken and not allowed. |
| p. 128, ll. 8-12 | Plaintiffs are attempting to add an incomplete sentence that was cut off testimony, which places testimony out of context because the Doctor never finishes his sentence. This should be stricken and disallowed. |
| p. 132, ll. 9-25<br>p. 133, ll. 1-3<br>p. 133, ll 13-20<br>p. 133, ll. 24-25 | Testimony is incomplete and out of context without adding, p. 133 ll. 4-12 and ll. 21-23 as that contains Defendant's objection. |
| p. 134, ll. 1-3 | If allowed over objection, this designation cuts off testimony in mid-sentence; is not correct unless p. 134, ll. 4-7 are added. |
| p. 134, ll. 9-16<br>p. 134, ll. 25<br>p. 135, ll. 1-2 | Testimony designated does not include Defendant's objection at p. 134, ll. 17-19, which will apply to these designations. |
| p. 139, ll. 14-25<br>p. 140, ll. 1-25 | Defendants' counsel objected to this line of questioning and it requires a ruling. |
| p. 155, ll. 23-25<br>p. 156, l. 3 | Defendants' counsel objected to this question and it requires a ruling. |

Defendants further seek to amend their designation of deposition transcript to include portions of Defendant's re-direct examination due to the fact such portions could not be identified prior to receipt of Plaintiff's counter-designation of record:

| Page | Lines |
|---|---|
| 166 | 7-25 |
| 167 | 1-13 |
| 168 | 8-25 |
| 169 | 1-22 |

       Respectfully submitted,

    BY: /s/ Lisa Erickson Endres
       LISA ERICKSON ENDRES, OBA #16647
       ASSISTANT DISTRICT ATTORNEYS
       320 Robert S. Kerr, Suite 500
       Oklahoma City, OK 73102
       Phone: (405) 713-1600
       Fax: (405) 713-1749

## CERTIFICATE OF MAILING

  This is to certify that a true and correct copy of the above and foregoing document was served on the following person by electronically transmitting the document to the Clerk of the Court for the Western District of Oklahoma using the ECF system for filing on the date of filing:

E.W. Keller
Keller, Keller, & Dalton
119 N. Robinson, Ste. 825
Oklahoma City, OK 73102
*Attorney for Plaintiffs*

       /s/Lisa Erickson Endres