## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

APRIL LAYTON, as personal representative )
of the Estate of CHARLES HOLDSTOCK, )
deceased, et al, )
                                )
             Plaintiffs, )
                                )
v. )      Case No.:     CIV-09-1208-C
                                )
CORRECTIONAL HEALTHCARE )
MANAGEMENT OF OKLAHOMA, INC., )
a corporation, THE BOARD OF COUNTY )
COMMISSIONERS OF OKLAHOMA )
COUNTY, a political subdivision of the )
State of Oklahoma, and JOHN WHETSEL, )
individually and in his capacity as Sheriff of )
Oklahoma County, )
                                )
            Defendants. )

## FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiff:  **E.W. KELLER AND HENRY DALTON**

Appearing for Defendant: **SANDI ELLIOTT, LISA ENDRES AND PATTYE HIGH**

**Jury Trial Demanded ☐  -  Non-Jury Trial ☐**

1.    **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties (appropriate for use during jury selection in jury cases).

**Plaintiffs** - Plaintiffs bring this wrongful death case pursuant to 42 U.S.C. §1983 based upon the Defendants' failure to provide proper medical care.  Plaintiffs April Layton, Valerie Winfrey and Melanie Hufnagel are the daughters of Charles Holdstock, deceased. Deceased was a pretrial detainee at the Oklahoma County Jail where he died of a heart problem.  Deceased suffered from diabetes, kidney problems, cardio myopathy, high blood pressure and was pacemaker dependent. During the course of his detainment, deceased did not receive adequate medical care which lead to his death.  Defendants'

failure to comply with State and Federal Laws with respect to proving proper medical care.  These failures were an ongoing problem of which Defendants were aware but failed to fix.

**Defendants** – The Plaintiff in this case is April Layton, the executor of the Estate of Charles Holdstock.  The Defendants are the Board of Oklahoma County Commissioners and Sheriff John Whetsel, in his official capacity as Sheriff of Oklahoma County. CHMO is the medical healthcare provider who was under contract with the County to provide medical services to jail inmates during the time period Mr. Holdstock was in jail custody. Mr. Holdstock, was arrested in September 2006 and was held in the Oklahoma County Detention Center where he was awaiting trial on multiple felony counts that if convicted, could have resulted in a sentence of up to 20 years to life imprisonment. At the time Mr. Holdstock entered jail, he had severe congestive heart failure, a pacemaker, diabetes and was on multiple medications for his severe life threatening illnesses.  On or about May 15, 2009, Mr. Holdstock was found in medical distress in his cell and taken to the medical clinic at the jail where he became unresponsive.  Mr. Holdstock was transported to a local hospital where he subsequently died.  Mr. Holdstock's death was determined by the State Medical Examiner to be natural and caused by his pre-existing heart condition. Plaintiffs assert that while in custody of the Oklahoma County Sheriff, Charles Holdstock failed to receive reasonable medical care and/or reasonable access to medical care due to the deliberately indifferent acts or omissions of County employees and/or the County's healthcare contract provider in violation of his rights under the 14th and 8th Amendments to the U.S. Constitution.  The Plaintiff claims that the death of Charles Holdstock was proximately caused due to an established unconstitutional custom or policy of the Defendants.  Defendants assert Charles Holdstock received constitutionally adequate medical care, that his death was from natural causes, and that there was no custom or policy of the Defendants which deprived him of his constitutional rights or caused his death.

2.      **JURISDICTION**.  The basis on which the jurisdiction of the Court is invoked.

Federal Questions jurisdiction - 28 U.S.C. §1331; pendent supplemental 28 U.S.C. §1367(a) and under the Eight and Fourteenth Amendments pursuant to 42 U.S.C. §1983 and violations of Oklahoma Law.

**Defendants** –  Defendants object to pendent jurisdiction or that that 28 U.S.C. §1367(a) has any application in this case.  All state tort claims have been dismissed from this action pursuant to this Court's Order of October 4, 2013. [Doc.#164]

3.      **STIPULATED FACTS.**  List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

A.     Jurisdiction of Plaintiffs' Federal Claim is vested in this Court under 28 U.S.C. §1331 and 42 U.S.C. §1983, 8th & 14th Amendments.

B.     Venue is proper in this Court.

C.     Holdstock died while in the custody of the Defendants;

D.     Defendants acted under color of law.

4.     **LEGAL ISSUES.**  State separately, and by party, each disputed legal issue and the authority relied upon.

**A.     Plaintiff**
1.     Wrongful death
2.     Defendants violated Holdstock's Civil Rights 42 U.S.C. §1983,
3.     Defendants failed to provide proper medical care

**B.     Defendant**

1.     Whether all Plaintiffs listed by Plaintiff's counsel in this order and the jury instructions are still plaintiffs in this case.  The only remaining Plaintiff in this case is April Layton, executor of the Estate of Charles Holdstock.  All remaining Plaintiffs' claims based upon state tort have been dismissed.  [Doc.#164].

2.     Whether Plaintiffs can maintain a claim against Sheriff Whetsel individually. Only claims against Sheriff Whetsel in his official capacity remain viable.  Sheriff Whetsel in his *individual* capacity is no longer a Defendant in this case and has been dismissed on Summary Judgment.  Plaintiffs did not appeal the granting of summary judgment to Sheriff Whetsel in his individual capacity as noted by the Tenth Circuit's Appellate Order issued in this case.  [Doc.#133, p.2]. All individual Section 1983 claims against Sheriff Whetsel are and have been dismissed.

3.     Whether BOCC and Sheriff Whetsel should be considered one entity for the purposes of this suit and for the purposes of damages and liability. "A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Watson v. City of Kansas City,* 857 F.3d 690, 695 (10th Cir. 1988).

4.     Whether the only remaining cause of action of the Plaintiff in this case is the Section 1983 municipal liability claim against BOCC and Sheriff Whetsel in his official

capacity because all state tort claims have been dismissed.  [Doc.#164].  Per this order, there should only be one remaining Plaintiff, the Estate of Charles Holdstock, and one remaining constitutional claim under Section 1983: the municipal liability of the County defendants for a custom or policy that was the moving force behind the constitutional violation of Charles Holdstock to receive reasonable medical care for his serious medical needs.

5.     Whether Plaintiffs should be prohibited from asking for or claiming punitive damages.  The only remaining Defendants in this case are all governmental entities: BOCC and Sheriff Whetsel in his official capacity.  As such, punitive damages cannot be asked for or awarded against the Defendants. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).

6.     Whether the CHMO Settlement fully compensated Plaintiffs for all damages and all claims in this case.  This case should not proceed to trial because to do so would allow Plaintiffs a double recovery and the settlement was for all of Plaintiff's injuries and by the policy making state actor responsible for the damages.  See Defendant's Trial Brief [Doc.#191] for full legal citations and authority.

7.     If the Court finds that the CHMO settlement does not encompass all claims and all injuries, whether Defendants are entitled to set-off and contribution of the $225,000.00 Settlement Plaintiffs received from Defendant CHMO in 2011 pursuant to the Oklahoma Contribution Among Tortfeasors Act (12 O.S. §832) and applicable federal case law allowing set-off or contribution in Section 1983 cases. See Defendant's Trial Brief [Doc.#191] for full legal citations and authority.

8.     Whether the liability of CHMO must be presented to the jury in accordance with applicable state case law and the Oklahoma Contribution Among Tortfeasors Act in order to preserve Defendants' claims for contribution and/or set off of the $225,000.00.  See Defendant's Trial Brief [Doc.#191] for full legal citations and authority.

9.     Who the final policy maker is for the purposes of Section 1983 municipal liability. The determination of the identity of the final policy making authority is a question of law for the court to determine and not for the jury. See Defendant's Trial Brief [Doc.#191]; . *City of St. Louis v. Praprotnick,* 485 U.S. 112, 124, 108 S.Ct. 915, 99 L.Ed. 2d 107 (1988). This Court must determine if CHMO was the final policy maker or the County with regard to medical care decisions and if so, whether CHMO's settlement settles all claims for municipal liability.  This will also determine which of the Defendants policies' and customs are in fact relevant.

10.    Whether Section 1983 only allows only for compensation to the injured party who can claim a constitutional violation or allows daughters of Charles Holdstock to recover for their injuries.  Because the constitution cannot vindicate the rights of others, the Plaintiff in this case is limited to seeking the following compensable damages: 1.  Death, burial and medical expenses for Charles Holdstock; 2.  Pain and Suffering of Charles Holdstock; 3.  Lost income and earnings of Charles Holdstock; 4.  Loss of consortium of Charles Holdstock with his children.  Plaintiff is not allowed to recover losses suffered individually by the children of Charles Holdstock.  April Layton, Valerie Winfrey and Melanie Hufnagel's personal loss of love and affection (consortium), pain, suffering, etc. is not a compensable damage under Section 1983. *Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990).

11.    Whether the DOJ, MOU, ADAC and Oklahoma Department of Health Reports and Records that Plaintiffs are attempting to use as evidence in this case are inadmissible in spite of the hearsay exception because they are unreliable. Courts have regularly excluded Federal Agency findings under Fed. R. Evid. 403 because their probative value is substantially outweighed by the danger of unfair prejudice and confusion.  *DeSantis v. Napolitano,* 2010 WL 2292592, 22 -24 (Dist.N.M., May 26, 2010).  "The Court has previously held that letters, determinations, and decisions of other federal agencies—specifically, the Human Rights Division, the Equal Employment Opportunity Commission, *and Department of Justice*—were inadmissible because they lacked adequate indicia of reliability.  *Id.* at 23. See Defendants' Motions in Limine filed with the Court & Response to Plaintiff's Motion in Limine filed with the Court].

12.    Whether negligent supervision and training claims and/or jury instructions are appropriate in this case when there is no individual claim against any officer or state actor in this case.  All state tort claims have been dismissed due to lack of compliance with the Oklahoma GTCA.  [Doc.#164]. No tort for negligence claims should be presented to the jury.

13.    Whether Plaintiff have sufficiently identified any custom or policy of the Defendants as it relates to  her Section 1983 claim. "To attach liability under Section 1983 to the County or its policymakers, plaintiff must identify a 'policy' or 'custom' that caused his injury. *See Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Lack of identification of a custom or policy that caused the injury is fatal to a Section 1983 claim based upon municipal liability.  *Id.* Identifying a policy ensures that a municipality is liable only for deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Id."* *Cano v. Denning,*  2013 WL 322112, at

*5 (Dist. Kan. January 28, 2013)

14.     All outstanding Motions in Limine on Evidence and Testimony filed by the parties with the Court and all issues contained within Defendants' Trial Brief on file with the Court require resolution of all other legal disputes not specifically mentioned herein but are hereby incorporated by reference.

5.     **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

A.     **Plaintiff**

Defendants' actions damaged Plaintiffs in an amount in excess of $75,000.00.

Defendants are subject to punitive damages;

B.     **Defendant**

1.  Punitive damages are not allowed against the government Defendants. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Hardeman v. City of Albuquerque,* 377 F.3d 1106 (10th Cir. 2004); 51 O. S. §152(9).
2.  Defendants seek dismissal of the action for the grounds set forth in their Trial Brief and also for Plaintiff's failure to identify any specific custom or policy of the named Defendants that was the proximate cause of Holdstock's death.  Plaintiffs assert a constitutional violation for lack of receipt of reasonable medical care but do not show or tell which custom or policy is the moving force behind the constitutional deprivation of medical care. At this stage of trial, the specific custom or policy should be specifically identified and articulated in the jury instructions and this Pre-trial Report.


6.     **EXHIBITS**.  The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.     **Plaintiff:**

**(Premarked for trial and exchanged as required under LCvR 39.4(a))**

**Fed. Rule Evid.**

| Number | Title/Description | Objection | Relied Upon |
|---|---|---|---|
| 1 | DEATH CERTIFICATE OF CHARLES HOLSTOCK | | |
| 2 | AUTOPSY REPORT OF CHARLES HOLDSTOCK | | |
| 3 | LETTERS OF SPECIAL ADMINISTRATION FILED IN P 2010-60 (OKLA. COUNTY | | |
| 4 | NEWSPAPER ARTICLE 07/07/10 OK CO JAIL HAS TOP HOMICIDE RATE | Objection relevancy, unreliability, prejudice, inadmissible hearsay, not best evidence See Defendants' Motion in Limine [Doc.#175] | Fed.R.Evid. 401,402 & 403; 801; 804; Fed.R.Civ.P.1002 |
| 5 | NEWSPAPER ARTICLE 10/21/10 OK CO SUES FORMER JAIL MEDICAL | Objection relevancy, prejudice, unreliability, inadmissible hearsay, not best evidence See Defendants' Motion in Limine Doc.#175] | Fed.R.Evid. 401,402 & 403; 801; 804; Fed.R.Civ.P.1002 |
| 6 | CIRRICULUM VITAE - DR. RALPH LAZZARA | | |
| 7 | REPORT OF DR. RALPH LAZZARA | | |

| 8 | CIRRICULUM VITAE - JEFF EISER | Objection Unqualified witness; testimony not helpful; testimony unreliable or relevant; See Defendants' Motion in Limine [Doc.#193] | Fed.R.Evid. 401,402, 403 & 702 |
|---|---|---|---|
| 9 | REPORT OF JEFF EISER | Objection Objection Unqualified witness; testimony not helpful; testimony unreliable or relevant; See Defendants' Motion in Limine [Doc.#193] | Fed.R.Evid. 401, 402, 403 702 & 703 |
| 10 | MEDICAL RECORDS - EMSA | | |
| 11 | MEDICAL RECORDS - OU MEDICAL CENTER | | |
| 12 | MEDICAL RECORDS - CHMO | | |
| 13 | INMATE LEAVING FACILITY RECORD 12/10/08 | | |
| 14 | OKLAHOMA COUNTY JAIL RECORDS | | |
| 15 | US DEPARTMENT OF JUSTICE | Objection | Fed. R. Evid. |

| | | | |
|---|---|---|---|
| | REPORTS 07/31/08 | relevancy, unreliability, prejudice, inadmissible hearsay See Defendants' Motion in Limine [Doc.#174] | 401,402,403, 801, 802, 803 |
| 16 | JOHN WHETSEL'S 08/01/07 RESPONSE TO INSPECTION CONDUCTED BY | Objection relevancy, unreliability, prejudice, inadmissible hearsay See Defendants' Motion in Limine [Doc.#174] | Fed. R. Evid. 401,402,403, 801, 802, 803 |
| 17 | MEMORANDUM OF UNDERSTANDING BETWEEN US AND OK COUNTY OK | Objection relevancy, unreliability, prejudice, inadmissible hearsay, prohibited compromise See Defendants' Motion in Limine [Doc.#176] | Fed. R. Evid. 401,402,403, 408, 801, 802, 803 |
| 18 | ADAC INITIAL REPORT TO OKLAHOMA COUNTY BOCC | Objection relevancy, unreliability, prejudice, inadmissible hearsay See Defendants' Motion in Limine [Doc.#172] | Fed. R. Evid. 401,402,403, 801, 802, 803 |
| 19 | 07/16/03 - LETTER FROM WHETSEL TO BOCC | Objection relevancy, | Fed. R. Evid. 401,402,403, 801, 802, |

| | | unreliability, prejudice, inadmissible hearsay, See Defendants' Motion in Limine Doc.#174] | 803 |
|---|---|---|---|
| 20 | COLOR PHOTOGRAPHS - CHARLES HOLDSTOCK | Objection relevancy, unreliability, prejudice See Defendants' Motion in Limine [Doc.#194] | Fed. R. Evid. 401,402,403 |
| 21 | SWORN STATEMENT OF VERONICA WORRELL PA | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.# 184] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |
| 22 | SWORN STATEMENT OF CARLA NEIMAN, RN | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#184] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |
| 23 | COMPLAINTS FILED BY CARLA NEIMAN REGARDING CARE OF INMATES | Objection relevancy, unreliability, | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804 |

| | | prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc. #184] | Fed.R.Civ.P 37 |
|---|---|---|---|
| 24 | SWORN STATEMENT OF WILLARD JACKSON | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#184] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |
| 25 | AFFIDAVIT OF DR. CHARLES HARVEY | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#184] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |
| 26 | RECOGNITON AWARDS OF CHARLES HOLDSTOCK | Objection relevancy, prejudice, not produced in discovery | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 37 |
| 27 | CARDS AND LETTERS BETWEEN FAMILY AND CHARLES HOLDSTOCK | Objection relevancy, unreliability, prejudice, | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; |

| | | inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#181] | |
|---|---|---|---|
| 28 | LETTERS FROM INMATES | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#180] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804, 805 |
| 29 | CHARLES HOLDSTOCK'S TEETH | Objection relevancy, prejudice, inadmissible, lack of personal knowledge, authentication See Defendants' Motion in Limine [Doc.#185] | Fed. R. Evid. 401,402,403, 602, 801, 802, 803,804, 901; Fed.R.Civ.P. 37 |
| 30 | DEPOSITION EXCERPTS OF LINDA TUCKER IN CASE CIV 08-875 M | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#177] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |

| | | | |
|---|---|---|---|
| 31 | DEPOSITION EXCERPTS OF BOBBY CARSON IN CASE CIV 08-1317R | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#177] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |
| 32 | DEPOSITION EXCERPTS OF DENNIS HUGHES IN CAES CIV 09-544 M | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#177] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) & 37 |
| 33 | DEPOSITION EXCERPTS OF RAYMOND VAUGHN IN CASE CIV 08-875 | Objection relevancy, unreliability, prejudice, inadmissible hearsay, lack of personal knowledge See Defendants' Motion in Limine [Doc.#177] | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; Fed.R.Civ.P. 32(a) |
| 34 | STAFFING MATRIX | Objection relevancy, no probative value, inadmissible hearsay, authentication; | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; 901 Fed.R.Civ.P. 37 |

| | | not produced in discovery | |
|---|---|---|---|
| 35 | CHMO STAFFING HOURS FOR FEBRUARY 3, 2009 | Objection relevancy, no probative value, inadmissible hearsay, authentication, not produced in discovery | Fed. R. Evid. 401,402,403, 602,801, 802, 803,804; 901Fed.R.Civ.P. 37 |
| 36 | PHOTO - APRIL LAYTON | Objection Relevancy, prejudice See Defendants' Motion in Limine [Doc.#181] | Fed. R. Evid. 401,402,403 |
| 37 | PHOTO - CHILDS DRAWING | Objection Relevancy, prejudice See Defendants' Motion in Limine [Doc.#181] | Fed. R. Evid. 401,402,403 |
| 38 | PHOTO - CHILDS DRAWING | Objection Relevancy, prejudice See Defendants' Motion in Limine [Doc.#181] | Fed. R. Evid. 401,402,403 |
| 39 | PHOTO - CHILDS DRAWING | Objection Relevancy, prejudice See Defendants' Motion in Limine [Doc.#181] | Fed. R. Evid. 401,402,403 |
| 40 | PETITION - OK COUNTY - CJ 2010-8535 - BD OF CO. COMM V. CHMO | Objection Relevancy, prejudice, contains hearsay, lack of personal | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |

| | | knowledge<br>See Defendants'<br>Motion in Limine<br>[Doc.# | |
|---|---|---|---|
| 41 | OK STATE DEPT. OF HEALTH -<br>VIOLATOINS 2006-2009 | Objection<br>relevancy, no<br>probative value,<br>inadmissible<br>hearsay,<br>unreliable<br>See Defendants'<br>Motion in Limine<br>[Doc.#178] | Fed. R. Evid.<br>401,402,403, 801, 802,<br>803 |
| 42 | OK STATE DEPT. OF HEALTH -<br>REPORT ON DEATH<br>HOLDSTOCK | Objection<br>relevancy, no<br>probative value,<br>inadmissible<br>hearsay,<br>unreliable<br>See Defendants'<br>Motion in Limine<br>[Doc.#178] | Fed. R. Evid.<br>401,402,403, 801, 802,<br>803 |
| 43 | OK STATE DEPT. OF HEALTH -<br>REPORT ON DEATH BECKMAN | Objection<br>relevancy, no<br>probative value,<br>inadmissible<br>hearsay,<br>unreliable<br>See Defendants'<br>Motion in Limine<br>[Doc.#178] | Fed. R. Evid.<br>401,402,403, 801, 802,<br>803 |
| 44 | OK STATE DEPT. OF HEALTH -<br>REPORT ON DEATH THORNTON | Objection<br>relevancy, no<br>probative value,<br>inadmissible<br>hearsay,<br>unreliable<br>See Defendants'<br>Motion in Limine | Fed. R. Evid.<br>401,402,403, 801, 802,<br>803 |

| | | [Doc.#178] | |
|---|---|---|---|
| 45 | OK STATE DEPT. OF HEALTH - REPORT ON DEATH LAWYER | Objection relevancy, no probative value, inadmissible hearsay, unreliable See Defendants' Motion in Limine [Doc.#178] | Fed. R. Evid. 401,402,403, 801, 802, 803 |
| 46 | OK STATE DEPT OF HEALTH - REPORT ON DEATH HAMILTON | Objection relevancy, no probative value, inadmissible hearsay, unreliable See Defendants' Motion in Limine [Doc.#178] | Fed. R. Evid. 401,402,403, 801, 802, 803 |
| 47 | OK STATE DEPT OF HEALTH - REPORT ON DEATH MCFARLAND | Objection relevancy, no probative value, inadmissible hearsay, unreliable See Defendants' Motion in Limine [Doc.#178] | Fed. R. Evid. 401,402,403, 801, 802, 803 |
| 48 | OK STATE DEPT. OF HEALTH - REPORT ON DEATH WALLACE | Objection relevancy, no probative value, inadmissible hearsay, unreliable See Defendants' Motion in Limine[Doc.#178] | Fed. R. Evid. 401,402,403, 801, 802, 803 |
| 49 | STEVE NASH - 6 PAGE LETTER | | |

| | | | |
|---|---|---|---|
| | AND MEDICAL INFO REGARDING C. HOLDSTOCK | | |
| 50 | GRIEVANCE DATED 01-29-09 WITH ATTACHMENTS | | |
| 51 | 10th Circuit Court of Appeal 03/12/13 Order and Judgment | Objection relevancy, no probative value, inadmissible hearsay, unreliable See Objection to Plaintiff's Motion in Limine | Fed.R.Evid. 201(b); 401,402,403 |

**B.**    **Defendant:**

**(Premarked for trial and exchanged as required under LCvR 39.4(a))**

**Fed. R. Evid.**

| **Number** | **Exhibit Description** | **Objection** | **Relied Upon** |
|---|---|---|---|
| 1 | Oklahoma County Initial Booking & Bail Info.- Charles Holdstock | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 2 | Oklahoma County Jail Visit Log- Charles Holdstock | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 3 | Oklahoma County Commissary Purchase Log- Charles Holdstock | Objection relevancy, unreliability, prejudice, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |

| | | inadmissible hearsay, | |
|---|---|---|---|
| 4 | 2008-2009 CHMO Contract to provide medical services to Oklahoma County Jail | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 5 | Jail Health Assessment,  Healthcare Observation/Cell Movement-Charles Holdstock | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 6 | Invoices to Oklahoma County for Holdstock medical bills (redacted as to other inmate medical information) | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 7 | Grievances and/or Request to Staff filed by Charles Holdstock | | |
| 8 | CHMO Medical Records | | |
| 9 | OU Medical Records- Pacemaker Report dated December 10, 2008 | | |
| 10 | EMSA Medical Records dated May 15, 2009 | | |
| 11 | OU ER Medical Records dated May 15, 2009 | | |
| 12 | Dr. Paris Curricular Vitae | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |

| 13 | Dr. Paris Report | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
|----|------------------|---------------------------------------------------------------------|-----------------------------------------------|
| 14 | Dr. Klanke Curricular Vitae | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 15 | Dr. Klanke Report | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 16 | Metronic Pacemaker INSYNC 8040 Model Manual | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 17 | Metronic Battery Lead Report | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 18 | Death Certificate and Medical Examiner's Report of Charles Holdstock | Objection relevancy, unreliability, | Fed. R. Evid. 401,402,403, 602, 801, 802, |

| | | prejudice, inadmissible hearsay, | 803 |
|---|---|---|---|
| 19 | Inmate Leaving Facility form dated 12-10-08 | | |
| 20 | Inmate Health Service Request Forms- Charles Holdstock | | |
| 21 | Medical Care Refusal Forms signed by Charles Holdstock | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 22 | Medical Progress Note- Holdstock declining to schedule June 2009 pacemaker follow up on May 4, 2009 | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 23 | CHMO Progress Note from May 14, 2009 | | |
| 24 | Medical Lab Summaries from Sept. 2006 through April 2009 | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 25 | Letter from Steven Nash re: list of Holdstock's medical conditions | | |
| 26 | CHMO Pacemaker Scheduling Notes from August 2008-December 2008 | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |

| | | | |
|---|---|---|---|
| 27 | OU Medical Center Note re: pacemaker test, Dr. Germany notes & follow up instructions | | |
| 28 | CHMO Memo & Medical Records dated 5-15-2009 | | |
| 29 | Oklahoma County Sheriff's Office Internal Investigation Report- Inmate Death- Charles Holdstock dated 5-15-2009 with attached Jail staff reports (photographs redacted) | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 30 | July 31, 2008 Department of Justice (DOJ) Report | | |
| 31 | January 2009 Adult Detention Advisory Committee (ADAC) Report | | |
| 32 | Sheriff's 222 page Response to July 31, 2008 DOJ Report dated September 30, 2008 | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 33 | MOU between Oklahoma County and DOJ dated October 28, 2009 | | |
| 34 | Charles Holdstock- jail misconduct Report | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 35 | Armor Healthcare contract August 2009 | Objection relevancy, unreliability, prejudice, inadmissible | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |

| | | hearsay, | |
|---|---|---|---|
| 36 | Civil Complaint October 19, 2010: BOCC v. CHMO, Case No. # 2010-8535 (contract breach; fraud) | | |
| 37 | Settlement between CHMO and Estate of Charles Holdstock, April Layton, Melanie Hufnagel and Valerie Winfrey in CIV-09-1208-C | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 38 | Demonstrative Exhibit- Timeline of County action taken between July 31, 2008 and August 15, 2009, when County changed medical provider to Armor | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 39 | Demonstrative Exhibit- Digoxin, Potassium Serum, Creatinine Serum, BUN/Creatinine Ratio levels of all labs of Charles Holdstock from September 12, 2006 through May 15, 2009 | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 40 | VA Medical Records | Objection relevancy, unreliability, prejudice, inadmissible hearsay, | Fed. R. Evid. 401,402,403, 602, 801, 802, 803 |
| 41. | April 29, 2009 Jail Incident Report of Cpl. Luis Corrales | | |

7.    **WITNESSES:**  The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

 

**A.** **Plaintiff**:

| **Name &Address** | **Proposed Testimony** | **Objection** |
|---|---|---|
| 1. Plaintiff April Layton<br>c/o Keller, Keller & Dalton<br>119 N. Robinson #825<br>Oklahoma City,OK 73102 | Deposed | |
| 2. Plaintiff, Valerie Winfrey<br>c/o Keller, Keller & Dalton<br>119 N. Robinson #825<br>Oklahoma City,OK 73102 | Deposed | |
| 3. Plaintiff Melanie Hufnagel<br>c/o Keller, Keller & Dalton<br>119 N. Robinson #825<br>Oklahoma City,OK 73102 | Deposed | |
| 4. Dr. Ralph Lazarra<br>OU Medical Center<br>Oklahoma City, OK 73102 | Deposed | |
| 5. Jeffrey Eiser<br>Cincinatti Ohio | Deposed | **Objection;**<br>Unqualified, unreliable, no probative value and lacks credibility, unnecessary. Fed.R.Evid. 401, 402, 403, 702 & 703 |
| 6. Steven Nash<br>Oklahoma City, OK | Deceased's medical | |

|     |                                                                                                        |                                                                                                                                                                         |                                                                                                              |
| --- | ------------------------------------------------------------------------------------------------------ | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------ |
|     |                                                                                                        | problems and Medications<br>-Taking to jail                                                                                                                              |                                                                                                              |
| 7.  | Veronica Worrell PA<br>Norman, OK                                                                      | Medical care to inmates<br>And Holdstock, Medical<br>care practices at<br>OK County Jail                                                                                 |                                                                                                              |
| 8.  | Carla Neiman RN                                                                                        | Medical care to inmates<br>Medical care practices at<br>OK County Jail                                                                                                   | **Objection:**<br>Fed.R.Evid.<br>401,402,403<br>602<br>No personal  knowledge;<br>relevancy, no  probative<br>value |
| 9.  | Jack Herron<br>C/O Sheriff's office<br>Oklahoma City, OK                                               | Deposed                                                                                                                                                                  |                                                                                                              |
| 10. | Cyndi Rice<br>Oklahoma Health Dept.<br>1000 N.E 10TH<br>Oklahoma City, OK                         | Health Department<br>Violations by OK County<br>Jail, Inspections on death<br>Pattern and practices of<br>the Oklahoma County Jail<br>Investigation Reports and<br>Findings. |                                                                                                              |
| 11. | Dr. Charles Harvey<br>OK County Health Dept.                                                           | Hours worked as a<br>physician at OK County<br>Jail, Medical treatment<br>Provided inmates  - Period<br>Of time worked.  His<br>Stamp/Signature on<br>medical records at the jail<br>after his employment with | **Objection:**<br>Fed.R.Evid<br>401,402,403,602                                                              |

Jail ceased.

| 12. | Randi Gill<br>Anchorage Alaska | Pattern & practice of<br>Deliberate Indifference at<br>Oklahoma County Jail | **Objection:**<br>Fed.R.Evid.<br>401,402,403,<br>602; See<br>Motion in<br>Limine<br>[Doc.#183] |
| --- | --- | --- | --- |
| 13 | Linda Tucker<br>Oklahoma City, OK | Medical Practice at OK<br>County Jail | **Objection:**<br>Fed.R.Evid.<br>401,402,403<br>602<br><br>No personal<br>knowledge;<br>relevancy;<br>prejudice |
| 14. | William Joachim<br>Newcastle, OK | Medical Practice at OK<br>County Jail | |
| 15. | Sheriff John Whetsel<br>Oklahoma City, OK | Deposed | |
| 16. | Raymond Vaughn | Notice and Knowledge of<br>BOCC of jail practices<br>regarding medical;<br>knowledge of DOJ reports<br>And ADAC Report | |
| 17. | Bobby Carson<br>c/o Sheriff's office<br>Oklahoma City, OK | Pattern and Practice of<br>Deliberate Indifference at | |

Oklahoma County Jail

18.   Dr. Marius Tauau
       600 East 24th Street                    Autopsy of Charles
       Kansas City, MO                         Holdstock

19.   Any witness listed by Defendants not specifically objected to by Plaintiffs

**B.**     **Defendant**:

| Number | Name & Address | Proposed Testimony | Objection |
|---|---|---|---|
| 1 | Sheriff John Whetsel, (Defendant) c/o Lisa Erickson Endres | Training, policies, customs of Okla. County Jail, CHMO medical contract & lawsuit; Holdstock's jail records; DOJ Reports, Responses, Investigations, Findings and lack of litigation by DOJ over Reports; overall jail operations and statistics | |
| 2 | Jack Herron, Oklahoma County Sheriff's Office, Lisa Erickson Endres | Training, policies, customs of Okla. County Jail, DOJ Reports, Responses, Investigations, Findings and lack of litigation by DOJ over Reports; Holdstock's Commissary Reports and Jail Records; CHMO Contract & lawsuit; overall jail operations and statistics | |
| 3 | Ray Vaughn or other designated representative of the Board of County Commissioners | Training, policies and procedures of Oklahoma County, contract rules regulations of Oklahoma County, CHMO Contract, | |
| 4 | Joseph E. Paris, M.D., CCHP-A, (deceased) | Designation of Deposition Transcript | **Objection;** Unqualified, unreliable, no probative value and lacks credibility, |

| | | | |
|---|---|---|---|
| | | | unnecessary. Fed.R.Evid. 401, 402, 403, 702 & 703 |
| 5 | Kim A. Klancke, M.D., FACC, | Designation of Deposition Transcript & Video of Deposition | **Objection;** Unqualified, unreliable, no probative value and lacks credibility, unnecessary. Fed.R.Evid. 401, 402, 403, 702 & 703 |
| 6 | D.O. Carol Richmond, c/o Lisa Erickson Endres | Training, policies, job duties, knowledge of Holdstock, events on May 15, 2009 | **OBJECTION** Fed. R. Evid. 401,402,403,602 |
| 7 | Corporal Luis Corrales c/o Lisa Erickson Endres | Training, job duties, knowledge of Holdstock, events on April 29, 2009 | **OBJECTION** Fed. R. Evid. 401,402,403,602 |
| 8. | Dr. Marius Tarau Former Okla. Medical Examiner 660 E. 24th Street Kansas City, MO 64108 | Autopsy Report and findings | |
| 7 | Robert Smith, former Detention Officer 4025 N. Meridian #555 Oklahoma City, OK 73112 | Training, policies, job duties, knowledge of Holdstock, events on May 15, 2009 | **OBJECTION** Fed. R. Evid. 401,402,403,602 |
| 8 | Deputy Jason Ledford, c/o Lisa Erickson Endres | Internal Affairs Investigations and findings regarding Death of Holdstock; events on May 15, 2009; Training and polices of Okla. County Jail. | **OBJECTION** Fed. R. Evid. 401,402,403,602 |

| 9 | Steven Keen<br>3200 S.W. 134th<br>Oklahoma City, OK 73170 | Cellmates of Holdstock will testify about his knowledge, facts, circumstances and events he witnessed regarding Holdstock | **OBJECTION**<br>Fed. R. Evid. 401,402,403,602 |
|---|---|---|---|
| 10 | *Sgt. Leonard Hills, c/o<br>Lisa Erickson Endres | Training, policies, job duties, knowledge of Holdstock, events on May 15, 2009 | **OBJECTION**<br>Fed. R. Evid. 401,402,403,602 |
| 11 | *SDO Randall Miller/ c/o<br>Lisa Erickson Endres | Training, policies, job duties, knowledge of Holdstock, events on May 15, 2009 | **OBJECTION**<br>Fed. R. Evid. 401,402,403,602 |
| 12 | *Staff Sgt. Jason Milligan, c/o<br>Lisa Erickson Endres | Training, policies, job duties, knowledge of Holdstock, events on May 15, 2009 | **OBJECTION**<br>Fed. R. Evid. 401,402,403,602 |
| 13. | William Walsh, RN<br>1907 Crystal Cir.<br>Norman, OK  73069 | Medical Care provided to Holdstock in April and May 2009 | **OBJECTION**<br>Fed. R. Evid. 401,402,403,602 |
| 14. | Dr. Akhtar Hameed<br>Oklahoma City, OK | Medical Care provided to Holdstock | |

15.  Any and all witnesses listed by Plaintiff which are not specifically objected to by the Plaintiffs.

8.    ESTIMATED TRIAL TIME:

A.    Plaintiff's Case:    **4 days**

B.    Defendant's Case:    **4 days**

9.    BIFURCATION REQUESTED:        Yes _____        No **xxx**
10.   POSSIBILITY OF SETTLEMENT:

Good _____        Fair _____        Poor   **xxx**

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

**/s/ E. W. Keller**
E. W. Keller, (OBA# 4918)
Henry Dalton (OBA# 15749)
KELLER, KELLER & DALTON
119 N. Robinson, Suite 825
Oklahoma City, Oklahoma 73102
(405) 235-6693
(405) 232-3301  Facsimile
E-Mail  - kkd.law@coxinet.net
Counsel for Plaintiff


**s/ Lisa Erickson Endres**
Lisa Erickson Endres, OBA #16647
Sandra Howell Elliott, OBA#11175
Assistant District Attorneys
320 Robert S. Kerr, Room 505
Oklahoma City, Oklahoma  73102
Telephone:  (405) 713-1662; Fax: (405) 713-1749
DALISEND@oklahomacounty.org

and

**/s/ Patricia High**
Patricia High, OBA#13414
P.O. Box 1331
Oklahoma City, Oklahoma  73101
Telephone:  (405) 343-4877
Facsimile:   (866) 794-5742
pattyehigh@gmail.com
ATTORNEYS FOR DEFENDANTS

29