IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL LAYTON, as personal representative of the Estate of Charles Holdstock,<br><br>                Plaintiff,<br><br>vs.<br><br>THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-09-1208-C<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

As the Court announced in open Court on December 3, 2013:

1. On October 4, 2013, the Court dismissed the state law claims, leaving only the 42 U.S.C. § 1983 claim. As a result, the Tenth Circuit's ruling in Berry v. City of Muskogee, Okla., 900 F.2d 1489 (10th Cir. 1990), limits the only proper Plaintiff to be Mr. Holdstock's estate. Therefore, Plaintiffs April Layton, Valerie Winfrey, and Melanie Hufnagel are dismissed. The claim of April Layton as personal representative of the estate of Charles Holdstock shall proceed to trial.

2. The only claim remaining against Defendant Whetsel is an official capacity claim. A suit against Sheriff Whetsel in his official capacity is the equivalent of a suit against Oklahoma County. See April Layton v. Bd. of Cnty. Comm'rs, 512 F. App'x 861, 867, n.4 (10th Cir. 2013) (quoting Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir.

1999)). Consequently, there is no reason for Sheriff Whetsel to remain as a Defendant. Accordingly, Plaintiff's claims against Sheriff Whetsel will be dismissed.

3. As the only remaining claim is a § 1983 claim against a municipality, punitive damages are not recoverable. See Miller v. City of Mission, Kan., 705 F.2d 368, 377 (10th Cir. 1983) (recognizing that in City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) the Supreme Court concluded that a municipality is immune from punitive damages under 42 U.S.C. § 1983.).

4. Defendant filed a Motion to Quash a subpoena duces tecum issued to Jack Herron. Plaintiff announced that the portion of the subpoena seeking documents was issued in error. Defendant acknowledged that the parties had resolved the issue and withdrew its Motion. Accordingly, the Motion to Quash (Dkt. No. 255) will be STRICKEN as moot.

5. Defendant's request to apply Oklahoma's Contribution Among Tortfeasor's Act, 12 Okla. Stat. § 832, is denied. Plaintiff's theory of liability requires proof of acts that are essentially intentional. Therefore, the Act is inapplicable. See §832(C). However, in the event the jury returns a verdict in favor of Plaintiff, any amount awarded will be reduced by the amount of Plaintiff's settlement with CHMO.

6. The request to counter-counter designate portions of Dr. Klancke's deposition is granted in part and denied in part, as explained more fully in open court.

## CONCLUSION

As set forth more fully herein, all Plaintiffs are DISMISSED with the exception of April Layton as personal representative of the estate of Charles Holdstock. Plaintiff's claims against Sheriff Whetsel are DISMISSED. Defendant's Motion to Quash (Dkt. No. 255) is STRICKEN as moot. Plaintiff's Motion to Strike (Dkt. No. 251) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 6th day of December, 2013.

ROBIN J. CAUTHRON
United States District Judge