IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL LAYTON, as Personal Representative of the Estate of Charles Holdstock, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-09-1208-C ) |
| THE BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Arguing she is the prevailing party in this action, Plaintiff seeks an award of attorneys' fees and costs. Defendant objects, arguing that Plaintiff is not the prevailing party. In the event the Court determines Plaintiff is the prevailing party, Defendant then argues for substantial reductions in the amount of fees requested.

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, arguing that Defendant violated Mr. Holdstock's constitutional rights. After several days of trial, the jury returned a verdict in favor of Plaintiff and awarded damages in the amount of $175,000.00. In most instances that would be sufficient to establish Plaintiff as the prevailing party; however, prior to trial, Plaintiff had settled with a second Defendant. The Court determined that Defendant was entitled to a set-off of that settlement amount, as Plaintiff was entitled to only one measure of damages. After applying the set-off, the verdict was reduced to zero. Defendant seizes on that fact and argues that Plaintiff is not the prevailing party.

42 U.S.C. § 1988(b) provides the authority for Plaintiff's request for attorneys' fees. In relevant part, that statute states:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

Although the statute phrases the award as discretionary, the Supreme Court has held: "[i]f a plaintiff prevails in a suit covered by § 1988, fees should be awarded as costs 'unless special circumstances would render such an award unjust.'" Kentucky v. Graham, 473 U.S. 159, 164 (1985) (citation omitted). Thus, the first step is to determine if Plaintiff is the prevailing party and, if so, then whether any "special circumstances" exist which would render an award unjust.

Defendant argues that because Plaintiff did not recover any money, she cannot be considered a prevailing party. Defendant points to the Judgment entered in the case, noting it recorded a damage award of $0.00. Plaintiff argues that, regardless of the amount of damages, judgment was entered in her favor. Plaintiff also notes that the jury found in her favor and awarded damages to her and against Defendant.

Neither the Court nor the parties have found any law directly on point on the issue. However, after consideration of the applicable law governing who is a prevailing party, the Court finds Plaintiff satisfies the requirements. The Tenth Circuit recognized the standard:

> The Supreme Court set forth the general standard governing the prevailing-party determination in <u>Texas State Teachers Ass'n v. Garland Independent School District (TSTA)</u>, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). There, the Court stated that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." <u>Id.</u> at 792-93, 109 S.Ct. 1486. The Court explained that a material alteration in the parties' legal relationship occurs when "the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." <u>Id.</u> at 791-92, 109 S.Ct. 1486 (internal alteration and quotation marks omitted). This standard requires that "'a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'" <u>Id.</u> at 792, 109 S.Ct. 1486 (quoting <u>Hewitt v. Helms</u>, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)).

<u>Kan. Judicial Watch v. Stout</u>, 653 F.3d 1230, 1235 (10th Cir. 2011), cert. denied sub nom. <u>King v. Kans. Judicial Watch</u>, ___ U.S. ___, 132 S.Ct. 1715 (2012). Here, Plaintiff obtained a material alteration of the legal relationship between the parties based on the jury finding in her favor and awarding her damages. That Plaintiff did not recover money from Defendant was not the result of the Plaintiff failing to prove her case, but by operation of law separate and apart from the law promoted by the fee statute. That is, Plaintiff did not fail to recover money from Defendant because she did not prove a constitutional violation, but because she had previously settled a separate but related claim against another party and thereby received recompense for the damages the jury determined she had suffered. Indeed, had the settling party remained in the lawsuit through trial and had the jury returned a general verdict in the same amount, but against both Defendants, there would be no doubt that Plaintiff was the prevailing party as to Defendant. The Court finds Plaintiff is the prevailing party against Defendant.

Defendant argues that even if the Court concludes Plaintiff is the prevailing party, it should decline to award fees, because Plaintiff's victory was only technical or de minimus. Defendant argues that as a result, the Court should consider the three factors set forth in Farrar v. Hobby, 506 U.S. 103 (1992), and award no fees.

The Tenth Circuit defines the relevant three factors as follows:

> In determining whether a party's success is merely technical, we consider the three factors announced in Justice O'Connor's concurrence to Farrar v. Hobby. See Farrar, 506 U.S. at 116-22, 113 S.Ct. 566 (O'Connor, J., concurring); Phelps [v. Hamilton], 120 F.3d [1126] at 1131-33 [(10th Cir. 1997)]. The first Farrar factor requires a court to look to the "degree of success obtained" by the plaintiffs. Phelps, 120 F.3d at 1132. Next, a court must consider "the extent to which the plaintiffs succeeded on their theory of liability." Id. The final factor takes into account the "public purpose served by the plaintiffs' success." Id. Courts must consider and weigh all three factors, and no factor is dispositive. See Lippoldt v. Cole, 468 F.3d 1204, 1223 (10th Cir. 2006) (holding that a district court abused its discretion by not considering the second and third Farrar factors).

Zinna v. Congrove, 680 F.3d 1236, 1239-40 (10th Cir. 2012).

> The first Farrar factor is the "most critical factor," Phelps, 120 F.3d at 1132, but it is by no means determinative, Lippoldt, 468 F.3d at 1223. This factor requires consideration of the "difference between the judgment recovered and the recovery sought." Phelps, 120 F.3d at 1131.

Zinna, 680 F.3d at 1240. Here, Plaintiff requested several million dollars in compensation, while the jury awarded $175,000.00. While significantly more than nominal damages, the amount is still well below the amount sought by Plaintiff. Rather than a complete bar to recovery, Plaintiff's limited success will factor into any fees awarded. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court

4

should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.").

> The second <u>Farrar</u> factor looks to the "significance of the legal issue on which the plaintiff claims to have prevailed." 506 U.S. at 121, 113 S.Ct. 566 (O'Connor, J., concurring). In contrast to the first, this factor "goes beyond the actual relief awarded to examine the extent to which the plaintiffs succeeded on their theory of liability." <u>Phelps</u>, 120 F.3d at 1132 (citation omitted).

<u>Zinna</u>, 680 F.3d at 1240. By obtaining a favorable jury verdict, Plaintiff prevailed on the only issue submitted to the jury–that Defendant violated Mr. Holdstock's constitutional rights. This factor weighs in favor of Plaintiff.

> The final <u>Farrar</u> factor considers whether the plaintiff's claim "accomplished some public goal." 506 U.S. at 121, 113 S.Ct. 566 (O'Connor, J., concurring). This factor acknowledges § 1988's purpose of ensuring the "vindication of important rights, even when large sums of money are not at stake." <u>Farrar</u>, 506 U.S. at 122, 113 S.Ct. 566 (O'Connor, J., concurring). A court thus must "examine[ ] whether the judgment vindicates important rights and deters future lawless conduct as opposed to merely occupying the time and energy of counsel, court, and client." <u>Phelps</u>, 120 F.3d at 1132 (quotation omitted). As a rule of thumb, the "more important the right at stake and the more egregious the violation the more likely it is that the victory serves a public purpose." <u>Cartwright v. Stamper</u>, 7 F.3d 106, 110 (7th Cir. 1993).

<u>Zinna</u>, 680 F.3d 1240-41. To find for Plaintiff, the jury had to determine that Defendant had been deliberately indifferent to Mr. Holdstock's right to appropriate medical care while he was a pretrial detainee. As the Supreme Court has recognized, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."

5

DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989). Without question, the obligation imposed on the State by this duty is significant. Thus, this factor weighs against considering Plaintiff's victory merely technical or de minimus. Finding that Plaintiff is the prevailing party and that her victory was more than technical, the Court holds that Plaintiff is entitled to recover fees and costs as permitted by law.

Any amount of attorneys' fees awarded must be reasonable. Hensley, 461 U.S. at 433. A reasonable fee is determined by multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate. Id. at 433. The party seeking the award bears the burden of proving the fee requested is reasonable. Id. The district court has discretion to reduce the amount of the award if the evidence offered by the moving party is insufficient. Id.

In determining the number of hours reasonably expended, the moving party is expected to exercise "billing judgment" in its calculation. Id. at 434. Overstaffing, excessive, duplicative, or unnecessary work should be excluded from the calculation. Id. Moreover, the hours included in the calculation should not exceed hours billed to the client. Id. at 435, quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) ("[h]ours that are not properly billed to one's client also are not properly billed to one's adversary").

The "reasonable hourly rate" to be used should be comparable to rates in the prevailing community charged by attorneys with relatively similar skill, experience, and reputation. Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The prevailing community is the community in

which the district court sits.  See Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan., 157 F.3d 1243, 1256 (10th Cir. 1998).

Plaintiff requests an award of $281,641.25 in attorneys' fees.  This lodestar amount was calculated by multiplying the hours expended by Mr. Keller's hourly rate of $295.00 and Mr. Dalton's hourly rate of $245.00.  Also included in Plaintiff's request is $13,613.50 in paralegal fees.  Defendant argues the fee sought is unreasonable.  Defendant challenges the hourly rate of counsel, the reasonableness of some of the hours billed, and the inclusion of paralegal time.  First, Defendant requests that the Court reduce the fee request to reflect the same percentage of success as the difference between the amount sought from the jury ($5 million) versus the amount received ($175,000) or .035%.  Multiplying this percentage against the fees sought, Defendant asserts, would result in an appropriate fee award of $9,857.45.  As noted above, Plaintiff's somewhat limited success is a factor to consider in any fee award.  However, Defendant's proposal misstates the law.  Indeed, the reverse of Defendant's logic would require a 175,000% increase in Plaintiff's fees.  This is so because Defendant requested the jury award nothing to Plaintiff, yet she recovered $175,000.00, or a significant victory over Defendant's request.  Obviously this example establishes the error in Defendant's argument.  Rather than requiring or even permitting a proportional reduction based on the amount sought versus the amount obtained, Hensley focuses on the relative success of a plaintiff in relation to the claims brought.  461 U.S. at 432.  Plaintiff succeeded on her only claim and thus obtained 100% success.  However, that does not mean that Plaintiff can recover 100% of the fees sought; rather, the Court must first determine a

reasonable hourly rate for counsel and then examine the billing records to determine what hours were reasonably expended. After determining that lodestar amount, the Court must determine if any additional reduction or enhancement is warranted based on the results obtained.

The Court will begin with counsel's requested hourly rates. Defendant argues the requested rates are excessive for both the skill demonstrated and the amounts charged in the marketplace. However, neither Plaintiff nor Defendant offers evidence regarding the reasonableness of the hourly rates sought or the relation of those rates to the normal hourly rate charged by counsel. Nor does Plaintiff's counsel offer any evidence regarding their experience or expertise in prosecuting a civil rights case. In reply, Plaintiff offers a conclusory assertion that the hourly rates sought are average rates for experienced Oklahoma County attorneys. Counsel also offers some statistical evidence regarding the percentage of attorneys charging rates above or below certain dollar amounts.

"[A] plaintiff's attorney is [not] automatically entitled to his or her normal market rate. Instead, the parties should submit, and the district court must consider, evidence of the hourly rate the attorneys would be able to charge if working in the civil rights field." Case, 157 F.3d at 1257 (citing Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983) (overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725, (1987))). "Lawyers working outside their fields of expertise may deserve an hourly fee lower than their normal billing rate because of their lack of experience in the civil rights field. . . . The quality of the lawyer's performance in the case should also be considered."

Ramos, 713 F.2d at 555. In the absence of evidence from either party regarding an appropriate hourly rate for counsel practicing civil rights law in this jurisdiction, the Court will rely on its own experience and knowledge. See Lucero v. City of Trinidad, 815 F.2d 1384, 1385 (10th Cir. 1987). Based on that knowledge, and considering the skill demonstrated by counsel in this case, the Court finds a reasonable hourly rate for Mr. Keller to be $295.00 and Mr. Dalton to be $245.00. The same analysis applies to the hourly rate sought for paralegal time. The Court finds the appropriate rate for paralegal time should be reduced from $95.00 to $75.00 per hour.

      The next step is to examine the hourly records provided by Plaintiff's counsel and determine if they reflect reasonable billing judgment. The Court finds numerous instances where the records submitted by Plaintiff fail to demonstrate proper exercise of billing judgment. First is the inclusion of time related solely to tasks performed on the claims against CHMO. Plaintiff's claims against CHMO were settled. The terms of that settlement made clear it included attorneys' fees and costs. Consequently, Plaintiff is not entitled to recover fees from Defendant for tasks related solely to CHMO. The Court has excised all such time entries.

      The next major reduction was to eliminate all time spent on appeal. Plaintiff neither sought nor received a fee award from the Circuit. Consequently, the Court cannot award fees for time spent on the appeal. See Hoyt v. Robson Companies, Inc., 11 F.3d 983, 985 (10th Cir. 1993).

Plaintiff requests an award of fees for paralegal time. While a party may recover paralegal time as part of a reasonable attorneys' fee, that time must be spent on tasks that otherwise would have had to be performed by an attorney and not on secretarial or non-legal work. See Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995) (recognizing that time spent by a lawyer or paralegal on clerical matters is not compensable). A substantial portion of the paralegal time sought by Plaintiff fails to meet this criteria, and therefore the Court has disallowed those requested fees. Where it was determined the paralegal time was devoted to a compensable task, the time was permitted.

Likewise, the time entries submitted by Plaintiff revealed duplication of effort. While it may be helpful in certain situations for two counsel or staff to be involved in a matter, many of the entries revealed review of a document prepared by someone else or a conference between attorneys. While there may have been a valid reason for the apparent duplication of effort, the time entries provided no such explanation and, therefore, the fees sought have been discounted accordingly. See Ramos, 713 F.2d at 554, n.4 ("[W]e think that the presence of more than two lawyers during trial or the presence of more than one lawyer at depositions and hearings must be justified to the court.").

Finally, Plaintiff's counsel spent an inordinate amount of time on certain tasks or performed tasks that were unnecessary. Thus, the records fail to reflect proper billing judgment. See Ramos, 713 F.2d at 553 (billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended). Therefore, the Court has reduced the hours, adjusting for excessive hours. In accord with Tenth Circuit precedent, the

Court has not detailed which hours were reduced. See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour. Nor is there any requirement that district courts announce what hours are permitted for each legal task.") (citation omitted).

After the adjustments to the hourly rate and the hours expended, the Court finds the lodestar amount to be $165,111.50. As noted above, the Court must consider the extent of Plaintiff's success and determine if the level of success merits any enhancement or reduction in the lodestar amount. Hensley, 461 U.S. at 437. Considering the amount of the jury award the Court finds an additional reduction of 20% is necessary to bring the fee to a reasonable amount. See Farrar, 506 U.S. at 574 (recognizing that any fee award must bear some relationship to amount recovered). After that reduction, the Court finds the appropriate attorneys' fee award to be $132,089.20.

Plaintiff has also submitted an application for costs. In accordance with Fed. R. Civ. P. 54(d)(1) and LCvR54.1, requests for costs are in the first instance decided by the Clerk. Any objection must then be pursued in accordance with theses rules. Accordingly, Plaintiff's Bill of Costs (Dkt. No. 280) will not be considered by the Court but referred to the Clerk.

## **CONCLUSION**

As set forth more fully herein, Plaintiff's Motion for Attorneys' Fees (Dkt. No. 281) is GRANTED. Plaintiff is awarded attorneys' fees in the amount of $32,089.20. Plaintiff's

Motion to Tax Costs (Dkt. No. 279) is STRICKEN.  Any request for and objection to any award of costs by the Court Clerk may proceed in accordance with the governing rules.

IT IS SO ORDERED this 12th day of February, 2014.

ROBIN J. CAUTHRON
United States District Judge